449 P.2d 653

John W. FITZGERALD, Bion Tolman, Bruce B. Anderson, Emerson Kennington and K. Jay Holdsworth, Plaintiffs and Appellants,

v.

SALT LAKE COUNTY et al., Defendants and Respondents.

No. 11157.

Supreme Court of Utah.

Jan. 13, 1969.

J. Randolph Ayre and K. Jay Holdsworth, of Fabian & Clendenin, Salt Lake City, for appellants.

Donald Sawaya, Deputy Salt Lake County Atty., Salt Lake City, Everett E. Dahl, Midvale, for respondents.

WAHLQUIST, District Judge.

This dispute has a rather lengthy history. It involves the construction of a gas station southeast of Salt Lake City. This court first became concerned with the dispute and considered it in Tolman v. Salt Lake

County.[1] There the landowners adjoining the property in question succeeded in defeating a Salt Lake County ordinance rezoning the area. The basis was that no legal notice was given of the pending hearing on the application for the rezoning.

The instant case is concerned with a "use permit" issued by the same Board of County Commissioners for the gas station. In general it can be said the statutes and ordinances require not only that the area be rezoned commercial before the gas station can be operated legally, but also that a "use permit" be issued. The gas station must be authorized after certain determinations are made, such as: necessity or desirability of the service, the effect on adjoining property, the effect on the master plan, and traffic flows, etc. The plaintiffs in this case have filed a complaint which (after some amending and use of 20 full pages) states almost every conceivable allegation concerning lack of due process, lack of notice of hearings, arbitrary and capricious action by county commissioners, etc., that it is possible to conceive. It not only substantially paraphrased the allegations contained in Tolman v. Salt Lake County (supra) but also every allegation that was brought in Naylor v. Salt Lake City Corporation,[2] and then the matter duly came on for hearing on a motion to dismiss the complaint for failure to state a cause of action. The motion was granted.

The appellants have pursued their appeal from the trial court's dismissal of the complaint. They have filed a lengthy written brief. None of the respondents herein ever contested, by brief, the appellants' contentions. The appeal was continued on this court's docket for some period of time as a case in which appellants' brief had been filed and no respondents' brief had been filed. Eventually the appellants made application for oral argument. The matter was scheduled for argument. Appellants' counsel argued only material contained in his brief but gave no new contentions or new citations.

When respondents' counsel arose he was questioned by this court as to why a brief had not been filed. His only reply in substance was that his client did not really feel that the matter deserved that much attention because the zoning of the area was no longer commercial, that the existence of the gas station was indefensible. While this may be an accurate explanation as to why no action had been taken up to, this time it is not an excuse for failing to disclose his position earlier. It is obvious that if the appeal process is going to operate within the time generally contemplated, a litigant should not be permitted to conceal his position until the time of oral argument without showing any justification for

1. 20 Utah 2d 310, 437 P.2d 442.

2. 16 Utah 2d 192, 398 P.2d 27.

failing to comply with the procedural requirements.[3]

This court immediately adjourned to conference and it was decided that inasmuch as the appellants were not in default or violation of any of the rules of this court, and had presented nothing new in their oral argument or in their brief, the case should be determined without hearing oral argument on behalf of the respondents. It may well be that the concession inferentially made by a respondents' counsel before this court, that the issuance of the "use permit" automatically fell when the area was no longer properly zoned commercial, is valid. However, inasmuch as all respondents have had no opportunity to speak before this court and in view of the additional ruling of this court, we believe this matter may properly be raised in the court below.

■ Many appellate courts have considered the problem presented where a respondent does not file a brief.[4] As far as we are aware, this court has considered this matter many times but has written only one opinion on the question, Patton v. Evans.[5] While this appellate court may well treat such a failure to file a brief as an acknowledgment of the statement of facts contained in appellants' brief,[6] and also indulge a strong inference that the law is as cited and argued by appellants' counsel, the court is not always required to do so. In this case the court has no reason not to accept the uncontroverted statement of facts as set forth in appellants' brief, nor is the court aware of any case law contrary to the position advocated in appellants' brief.

■ We have examined the facts as contended by the appellants and do not find in them a basis for sustaining the dismissal of the complaint, even though we are tortured by a suspicion that something additional must have been presented to the trial court. The statement of law, as contained in appellants' brief, is consistent with our understanding, that is, that while a Board of County Commissioners' discretion is broad, they do not have an absolute right to ignore their own procedural ordinances or act totally with unbridled discretion.[7]

■ The appellants' position is that the Planning Commission has correctly filed findings of fact and ruled against the issuance of a "use permit." They allege that no correct procedure has been taken to appeal from this ruling and that no hearing has ever been held in which different

3. Utah Rules of Civil Procedure 75(p) (2), second full paragraph.
4. See 5 C.J.S. Appeal and Error § 1314b, and authorities therein cited.
5. 92 Utah 524, 69 P.2d 969, 112 A.L.R. 589.

6. The facts alleged by appellants are in general the existence of the ordinances requiring the Planning Commission to make certain findings of fact before the "use permit" can be issued. As to their findings, see footnote 8.
7. See footnotes 1 and 2, supra.

findings of fact were made by the Board of County Commissioners. This court, therefore, accepts, for the purpose of this appeal, the facts as found by the Planning Commission.[8] We do not find in them any comfort for the respondents' position.

Reversed. No costs are awarded herein.

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

CROCKETT, C. J., having disqualified himself, does not participate.

8. "There has been no evidence presented to establish that additional service of this type is necessary at this location. Conversely, facts show that within a half-mile of this intersection, there are six service stations. Within a mile radius, there is a total of 16 stations and within a mile and one-half, there are 26 stations, total, representing nearly all major oil companies and three of which are vacant. The factor of need for additional service for the area and at this corner is difficult to establish in light of these facts."

" * * * 15,000 cars pass through this intersection per day and projections for the Salt Lake Area Transportation Study indicate that with the increase of traffic volume, it will require the widening of both 2300 East and 4500 South from 66 feet to 100 feet * * *. Since the applicant has demonstrated the business volume anticipated, it must therefore follow that this heavy traffic generator can only hamper the free flow of traffic at this major intersection.

Recently, the Granite School District purchased property immediately east of the intersection of 4500 South and 2300 East for the purpose of building a junior high school. They project an enrollment of 1600 students. Studies indicate that peak service station hours occur generally at peak home-to-work and home-to-school hours. When a school is built, a service station located at this intersec-

tion would increase vehicular-pedestrian conflict.

It is conceivable that the inimical affects [sic] of this commercial use on the abutting residential uses can be minimized, but will certainly result in depreciation of *residential* values of the immediate properties. [Emphasis added by the Planning Commission.]

The greatest single adverse effect, of course, will be to reduce the efficiency of 2300 East Street and 4500 South Street as traffic arteries and will to that extent be 'detrimental to the general welfare and safety' of the community."

The Planning Commission found that Bill Roderick, Inc., had failed to comply with the planned unit development requirements of the ordinance.

The Planning Commission found from the evidence that the proposed use would not conform to the intent of the Salt Lake County Master Plan:.

"Secondly, retail service oriented, as the proposed service station is, to the highways will establish precedent for commercializing the major highways servicing the Holladay Community and encourage 'strip commercial' development of 2300 East Street and 4500 South Street which is also against the goals and policies developed for the Master Plan. * * * there has been no evidence presented to establish that this requested use is in harmony with objectives of the Master Plan."