POLEN, Judge.
Capron Trail Community Development District (District) appeals from a final order taxing fees and costs against them. Because we find the assessment of fees and costs to be premature, we reverse.
Capron Trail Community Development District entered into a contract with Frenz Enterprises, Inc., for Frenz to do certain work for the district. Disputes arose with regard to the performance of this work, and Frenz demanded arbitration pursuant to Article 16 of the Standard General Conditions of the contract. The District refused arbitration based on its contention that the dispute resolution section of the contract had been stricken. Frenz then filed a declaratory judgment suit which resulted in a determination by the trial court that Article 16, as amended by Exhibits GC 1 and 2, was part of the contract and provided for arbitration as a means of dispute resolution. The trial court also granted Frenz’s motion for fees and costs in an order which provided as follows:
Section 17.5 of the Standard General Conditions of the Construction Contract clearly specifies that attorney’s fees and court costs were to be considered if it became necessary to resolve a dispute between the parties.
Section 17.5 of the contract provides in pertinent part:
Whenever reference is made to “claims, costs, losses and damages,” it shall include in each case, but not be limited to, all fees and charges of engineers, architects, attorneys and other professionals and all court or arbitration or other dispute resolution costs.
After fees were awarded, the parties stipulated to an amount of attorney’s fees and a final order was entered in this amount, with the district reserving its right to challenge entitlement to fees.
We reverse the fee award as we find it was premature for the trial court to award fees, pursuant to the above contract provision, until the outcome of the arbitration is known. Although somewhat differently factually, we find our prior opinion in First Union National Bank of Florida v. 2800 S.E. Dune Drive Condominium Association, 661 So.2d 955 (Fla. 4th DCA 1995), to be instructive in this regard.
In First Union, a contractor sought to draw on a letter of credit seeking partial payment for construction. However, the owner prevailed in its action seeking an injunction and declaratory relief, preventing the contractor from drawing on the letter of credit. The trial court then awarded attorney’s fees to the owner pursuant to the following contract provision:
Contractor shall reimburse Association for reasonable attorneys’ fees and costs including such fees and costs for any proceeding, trial or appeal, incurred by reason of Contractor’s failure to perform- under this Contract or any part thereof.
Since the owner and contractor were still involved in litigation regarding whether the contractor properly completed performance of its work, we held that the contract provision did not yet authorize an award of fees in the letter of credit litigation. Id. Similarly at bar, the arbitration regarding the performance of Frenz’s work was still pending, thus rendering a claim for fees premature. Accordingly, we reverse and remand without prejudice to Frenz to seek fees and costs at *877 the conclusion of the arbitration, if they are the prevailing party.
GLICKSTEIN and KLEIN, JJ., concur.