STONE, Judge.
We affirm an order dismissing Federal Vending’s amended complaint for damages and reverse an order denying prevailing party attorney’s fees to Steak and Ale. The dismissal order is based on a finding that the defendant, Steak and Ale, has not waived its contract right to arbitrate any claim by Federal Vending for breach of an equipment lease (for damages) simply by virtue of having responded to Federal Vending’s earlier attempt to obtain an injunction. Federal Vending had initially brought the action solely as an injunction claim, the merits of which are not at issue here. The injunction claim was dismissed, as the court recognized that Federal Vending had an adequate remedy at law. Federal Vending then amended, seeking damages.
Filing an answer in response to the injunction claim did not waive Steak and Ale’s right to arbitrate, as the lease clearly authorized Federal Vending to sue for injunctive relief unfettered by the arbitration clause. It provided: “Any controversy or claim ... shall be submitted to arbitration ... this clause shall not limit the right of a party hereto to obtain any provisional remedy including ... injunctive relief_” Although not determinative here, we note there is an agreed order in the injunction litigation that the parties did not waive their rights to arbitrate by participating in discovery. We also note that when the trial court dismissed the injunction claim without prejudice to Federal Vending filing an amended complaint for damages, their attorney responded: “Judge, we don’t want to replead in this court Judge, because our contract does provide for arbitration. We are happy to initiate arbitration as to the damages if it’s going to be a money damages case, Judge.”
In Amour and More North American Licensing, Inc. v. Zammatta, 659 So.2d 1387, 1388 (Fla. 3d DCA 1995), the court recognized that the defendant did not waive a right to arbitrate by suing on a note where the contract gave it the right to enforce the *1368 note apart from the relevant arbitration provisions. See also Modem Health Care Servs., Inc. v. Puglisi, 597 So.2d 930 (Fla. 3d DCA 1992). Any doubt about the scope of the arbitration clause should be resolved in favor of arbitration. Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992). We have considered Breckenridge v. Farber, 640 So.2d 208 (Fla. 4th DCA 1994), and Finn v. Prudential-Bache Securities, Inc., 523 So.2d 617 (Fla. 4th DCA 1988), but deem them inapposite, as here Steak & Ale’s conduct was not inconsistent with preserving its right to arbitrate, and Steak & Ale should not be prejudiced by honoring Federal Vending’s right under the document to seek an injunction.
We reverse as to the denial of attorney’s fees due Steak and Ale, pursuant to the parties’ contract, as the prevailing party in the injunction suit. Cf. Casarella v. Zaremba Coconut Creek Parkway Corp., 595 So.2d 162 (Fla. 4th DCA 1992). It is error not to enforce the governing contract provision as to fees and costs as Steak and Ale prevailed in the only action that has been initiated by Federal Vending. We note that there is no indication in the record that Federal Vending has initiated arbitration proceedings. Clearly the trial court order terminated the earlier suit and nothing remains pending. We have considered Capron Trail Community Dev. Dist. v. Frenz Enters., Inc., 674 So.2d 875 (Fla. 4th DCA 1996), but do not deem it applicable here, as in that case there was a demand for, and the cause was in fact submitted to, arbitration. Here, there is no basis in the record for concluding that such has occurred.
We remand for further proceedings as to fees and costs. Although the remaining issue on appeal, relating to the trial court’s stated basis for denying fees, is moot, we alert the trial court to the prevailing party’s right to have the court, not the arbitrators, resolve any subsequent claims for prevailing party fees in the event arbitration is instituted in the future. Tumberry Assoc. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995); Scutti v. Daniel E. Adache & Assocs. Architects, P.A., 515 So.2d 1023 (Fla. 4th DCA 1987).
WARNER and STEVENSON, JJ., concur.