2009 UT 31

**INNERLIGHT, INC., Plaintiff and Appellee,**

v.

**The MATRIX GROUP, LLC, Defendant and Appellant.**

No. 20070425.

Supreme Court of Utah.

June 5, 2009.

David L. Arrington, Matthew G. Grimmer, Thomas J. Burns, Salt Lake City, for appellee.

Stephen Quesenberry, Charles L. Perschon, Salt Lake City, for appellant.

PARRISH, Justice:

## INTRODUCTION

¶ 1 Appellant, The Matrix Group, LLC ("Matrix"), appeals the district court's rule 56(c) grant of summary judgment in favor of Innerlight, Inc. ("Innerlight"). In ruling for Innerlight, the district court held that the forum selection and choice of law provisions within the contract between Matrix and Innerlight are unenforceable because of Matrix's failure to fulfill a material condition precedent to the contract. But under the plain language of the contract, the forum selection and choice of law provisions are enforceable apart from the condition precedent. We therefore reverse.[1]

## BACKGROUND

¶ 2 Matrix operates a skin care products business with its principal place of business in Florida. Innerlight is a multi-level marketing group with its principal place of business in Utah. In October 2004, Matrix and Innerlight entered into a written Exclusive Distributor Agreement (the "Contract") whereby Innerlight was to become the exclusive distributor of the Beverly Sassoon line of Matrix's skin care products. The Contract was negotiated and signed by both parties.

¶ 3 Section 12 of the Contract, which includes a forum selection and choice of law provision, reads as follows:

This Agreement shall be construed and interpreted under the laws of the State of Florida and the parties agree that any action or proceeding brought concerning this Agreement may be brought only in the courts of Palm Beach County, Florida, and each party hereto hereby consents to the jurisdiction of such courts.

In addition, Section 2 of the Contract entitled "Appointment of Distributor" contains the following two provisions:

(a) Subject to the terms and provisions set forth in this Agreement, [Matrix] hereby appoints [Innerlight] as the exclusive distributor for the Products (defined below) within the Territory (defined below) insofar as, but only insofar as, the Industry (defined below) is concerned....

(b) The acceptance of this appointment by [Innerlight] is conditioned upon [Innerlight's] written acceptance of [Matrix's] Product Price List which shall not be subject to change until October 17, 2006.

¶ 4 After the parties executed the Contract in August 2004, Innerlight purchased more than $250,000 worth of cosmetic products from Matrix and engaged in various efforts to promote and sell the products through its distributors.

¶ 5 On March 13, 2006, almost a year and a half after the parties entered into the Contract, Innerlight filed suit against Matrix in Utah seeking a declaration that the Contract was not enforceable because Matrix failed to fulfill the condition precedent in Section 2(b) of the Contract by neglecting to provide Innerlight with a "Product Price List." In response, Matrix moved to dismiss the action claiming that venue was improper under rule 12(b)(3) of the Utah Rules of Civil Procedure. Specifically, Matrix argued that the forum selection clause in Section 12 of the Contract must be enforced before a court could even entertain Innerlight's claim under Section 2(b) of the Contract. The district court denied Matrix's Motion to Dismiss holding as follows:

(1) The law is clear where a contract between two parties is established, and such a contract provides for a forum and law selection, then the agreement is to be con-

---

1. Innerlight's motion to strike portions of Matrix's reply brief is also before this court. Because we reverse the district court's grant of summary judgment and remand on grounds unrelated to Innerlight's motion to strike, we need not consider the motion.

strued, interpreted and brought under the law and venue designated by that contract.

(2) The law-selection and venue terms of an agreement are ineffective if the agreement has not first been established. Where there is no valid contract, such terms are not enforceable.

(3) [Section] 2(b) of the [Contract] creates an express condition precedent.

(4) No contract exists because the material condition precedent of paragraph 2(b) remains to be satisfied. . . . As such, the law and the forum—selection provisions, which are clear in the language of the [Contract], are—notwithstanding their clarity-unenforceable.

(5) The express condition precedent is not to be ignored, weighed or helped with evidence regarding a course of dealing. First the record does not reflect a course of dealing. Second, paragraph 12 [of the Contract] . . . precludes any amendment or modification except by a written instrument signed by both parties.[2]

¶ 6 After the district court denied Matrix's Motion to Dismiss, both Innerlight and Matrix filed motions for summary judgment. The district court granted Innerlight's motion, holding that the Contract, including the forum selection and choice of law provisions, was unenforceable because Matrix had failed to fulfill a material condition precedent. Specifically, the district court held that Matrix neglected to provide a fixed price list as required by the condition precedent under Section 2 of the Contract.

¶ 7 Matrix now appeals the district court's grant of summary judgment. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (2008).

**STANDARD OF REVIEW**[3]

 ¶ 8 We review a district court's grant of summary judgment de novo, considering the record as a whole, with no deference afforded to the legal conclusions of the district court. *See Pearce v. Utah Athletic Found.*, 2008 UT 13, ¶ 13, 179 P.3d 760; *Poteet v. White*, 2006 UT 63, ¶ 7, 147 P.3d 439. "[S]ummary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Swan Creek Vill. Homeowners Ass'n v. Warne*, 2006 UT 22, ¶ 16, 134 P.3d 1122 (internal quotation marks omitted).

**ANALYSIS**

¶ 9 The district court's denial of Matrix's motion to dismiss for improper venue was a necessary predicate to its grant of summary judgment in favor of Innerlight. In its summary judgment order, the district court specified that "the venue terms . . . under the [Contract] are not enforceable because the [Contract] is an ineffective executory contract." We disagree with the district court's legal conclusion that the forum selection clause and choice of law provisions in the Contract are unenforceable. However, before reaching the merits of this issue, we first address whether the issue was properly preserved below and raised on appeal.

## I. THE ISSUE WAS PROPERLY PRESERVED BELOW AND RAISED ON APPEAL

 ¶ 10 "Generally, 'in order to preserve an issue for appeal the issue must be presented to the [district] court in such a way that the [district] court has an opportunity to rule on that issue.'" *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366 (quoting *Brookside Mobile Home Park, Ltd. v. Pee-*

---

2. We note the inconsistencies in the district court's order denying Matrix's motion to dismiss, which holds that the forum selection clause is not binding on the parties because the Contract is unenforceable, while at the same time enforcing other provisions of the contract to prevent admission of evidence of amendment or modification to the Contract.

3. While a district court's "decision that venue is proper, despite a forum-selection clause to the contrary," is reviewed under an "abuse of discretion" standard, *Prows v. Pinpoint Retail Sys., Inc.*, 868 P.2d 809, 810 (Utah 1993), this standard is inapplicable here because the district court did not determine that venue was proper. Rather, it entered a legal ruling that the Contract was unenforceable and therefore the venue terms were likewise unenforceable.

*bles,* 2002 UT 48, ¶ 14, 48 P.3d 968). A district court is deemed to have had an opportunity to rule on an issue if: (1) it is "raised in a timely fashion"; (2) it is "specifically raised"; and (3) the party raising the issue has introduced "supporting evidence or relevant legal authority." *Brookside Mobile Home Park,* 2002 UT 48, ¶ 14, 48 P.3d 968 (quoting *Badger v. Brooklyn Canal Co.,* 966 P.2d 844, 847 (Utah 1998)).

¶ 11 Matrix satisfied each of these requirements with respect to the issue of whether the forum selection and choice of law provisions are binding on the parties. Matrix filed a motion to dismiss for improper venue shortly after Innerlight filed its complaint. The basis for Matrix's motion was that the forum selection clause was binding on the parties and any action concerning the suit must be brought under Florida law in the courts of Florida or nowhere at all. And Matrix's motion was accompanied with a supporting memorandum that included relevant legal authority. We therefore conclude that the issue was properly preserved below.

■ ¶ 12 We now examine whether Innerlight properly raised the issue on appeal. "In general, if a defendant has not raised an issue on appeal, [an appellate court] may not consider the issue sua sponte." *Allen v. Friel,* 2008 UT 56, ¶ 7, 194 P.3d 903 (alteration in original) (internal quotation marks omitted). On appeal, Matrix argues that the forum selection and choice of law provisions of the Contract are enforceable. In so arguing, Matrix does not specifically contend that the forum selection clause and choice of law provisions are enforceable apart from the condition precedent in Section 2 of the Contract. Rather, it argues that the forum selection and choice of law provisions are enforceable because the condition precedent was fulfilled. Although the specific reasoning behind Matrix's conclusion that the forum selection and choice of law provisions are enforceable differs from this court's reasoning in reaching the same conclusion, the fact remains that the main thrust of Matrix's argument is that the forum selection and choice of law provisions are enforceable. We

therefore find that the enforceability of the forum selection and choice of law provisions are properly at issue on appeal.

¶ 13 Because the issue was properly preserved in the district court and raised on appeal, we now address its merits.

## II. THE FORUM SELECTION CLAUSE AND CHOICE OF LAW PROVISIONS ARE ENFORCEABLE

■ ¶ 14 The district court erred in its denial of Matrix's motion to dismiss and in its grant of Innerlight's motion for summary judgment when it held that the forum selection and choice of law provisions are not binding on the parties. When interpreting a contract, we begin by looking within the four corners of the contract "to determine the parties' intentions, which are controlling." *Bakowski v. Mountain States Steel, Inc.,* 2002 UT 62, ¶ 16, 52 P.3d 1179 (citations omitted). "If the language within the four corners of the contract is unambiguous, . . . a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law." *Id.* Innerlight and Matrix entered into an agreement that was negotiated [4] and signed by both parties. We find that there is no ambiguity in the relevant provisions of the Contract and therefore look to the plain meaning of the contractual terms to determine the parties' intent.

¶ 15 Innerlight argues, and the district court agreed, that the condition precedent in Section 2 of the Contract applies to the entire Contract. We disagree. Section 2 of the Contract includes two paragraphs: paragraph (a) and paragraph (b). Paragraph (a) "appoints [Innerlight] as the exclusive distributor" of the Beverly Sassoon line of skin care products. Paragraph (b) then modifies paragraph (a) by conditioning Innerlight's "acceptance of *this appointment* . . . upon [Innerlight's] written acceptance of [Matrix's] Product Price List." (Emphasis added.) Nothing in paragraph (b) indicates that the condition precedent applies to the entire agreement between the parties. Instead, the

---

4. The plain language of the Contract indicates that the Contract was "the result of negotiation

by the parties, each of [which] was represented by counsel."

plain language states that the condition precedent in paragraph (b) applies to Innerlight's *appointment* as "exclusive distributor." If the parties intended the condition precedent in paragraph (b) to apply to the entire Contract, they easily could have included language to that effect. We cannot conclude that the parties intended to condition the enforceability of the entire agreement on Innerlight's appointment as exclusive distributor when the plain language of the Contract indicates no such intent.

¶ 16 Our conclusion in this regard is buttressed by the language of Section 12 of the Contract, which contains no reference to the condition precedent found in paragraph (b) of Section 2, or to Innerlight's appointment as exclusive distributor. Rather, Section 12 plainly and unambiguously states as follows:

> This Agreement *shall* be construed and interpreted under the laws of the State of Florida and the parties agree that *any* action or proceeding brought *concerning this Agreement* may be brought *only* in the courts of Palm Beach County, Florida, and each party hereto hereby consents to the jurisdiction of such courts.

(Emphases added.) Pursuant to Section 12, any action concerning the Contract, including a declaratory action seeking a determination that the contract is unenforceable, is governed by Florida law and may only be brought in Florida courts. Based on a plain reading of the language of the Contract, the condition precedent in Section 2(b) does not diminish the enforceability of the forum selection and choice of law provisions. Therefore, the district court erred when it denied Matrix's motion to dismiss for improper venue, and subsequently erred when it granted Innerlight's motion for summary judgment

based, in part, on the erroneous conclusion that the venue terms of the Contract were unenforceable.[5]

## CONCLUSION

¶ 17 Innerlight and Matrix entered into a valid and binding agreement. Matrix's duty to provide a price list was a condition precedent only to Innerlight's appointment as exclusive distributor of Matrix's Beverly Sassoon line of skin care products and not to the enforceability of the forum selection and choice of law provisions. Because the forum selection and choice of law provisions are enforceable apart from the condition precedent in Section 2 of the Contract, the district court erred by denying Matrix's motion to dismiss and subsequently erred in granting Innerlight's motion for summary judgment. We therefore vacate the district court's order and remand to the district court for further proceedings consistent with this opinion.

¶ 18 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS and Justice NEHRING concur in Justice PARRISH'S opinion.

---

5. While unnecessary to our determination that the forum selection and choice of law provisions of the Contract are enforceable, we note that other jurisdictions have made similar determinations regarding the enforceability of forum selection and choice of law provisions within contracts. *See Yazdani v. Access ATM*, 941 A.2d 429, 432 (D.C.2008) (enforcing a forum-selection clause "notwithstanding appellee's disavowal of the remainder of the contract"); *see also Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C.Cir. 2000) ("A forum—selection clause is understood not merely as a contract provision, but as a distinct contract in and of itself—that is, an agreement between the parties to settle disputes in a particular forum-that is separate from the obligations the parties owe to each other under the remainder of the contract.") (citing *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 376 (7th Cir.1990)). *But see Brownsville Advanced Med. Imaging, L.P. v. CapitalWerks, LLC*, No. 13–04–419–CV, 2005 Tex.App. LEXIS 6360, at *21, 2005 WL 1907775 (August 11, 2005) (holding that parties not bound to forum selection clause within an unenforceable executory contract).