LAGOA, Judge.
 

 Nine Island Avenue Condominium Association, Inc. (“Association”) appeals from a final judgment awarding attorney’s fees to William Siegel (“Siegel”) following the trial court’s denial of a petition for temporary injunctive relief. Because we find the awarding of fees to be premature, we reverse.
 

 The Association is the entity responsible for maintaining the common elements at the Nine Island Avenue Condominium located on Williams Island. The Association hired a contractor to perform structural concrete restoration repairs to the exterior of the condominium building. In order to make the repairs the contractor required access to Siegel’s unit, which Siegel denied.
 

 On February 5, 2008, the Association filed a verified petition for non-binding arbitration, pursuant to section 718.1255, Florida Statutes (2008), before the Florida Department of Business and Professional Regulation. The Association sought:
 

 [A]n order allowing its [cjontractor access to the unit owned by the [rjespon-dent to perform the work required in connection with concrete restoration, to recover damages for delays which have been caused in the work as a result of the inability to obtain access and to award [p]etitioner’s costs and reasonable attorneys’ fees incurred herein.
 

 With its petition, the Association also filed a motion for temporary injunction and/or to stay/abate seeking either a temporary injunction to allow access to the unit, or an order abating the arbitration in order to allow the Association to seek injunctive relief in a court of competent jurisdiction. The arbitrator subsequently entered an order holding the arbitration in abeyance so that the Association “may seek injunctive relief in court.”
 

 The Association then filed a petition for temporary injunctive relief in the trial court. After an evidentiary hearing, the trial court denied the petition finding that the Association did not establish that the work needed to be done on an emergency basis, and that it had an adequate remedy available to it in the pending arbitration proceeding.
 

 Siegel then filed a motion for entry of judgment awarding attorney’s fees and costs as the prevailing party pursuant to both section 718.303, Florida Statutes (2008),
 
 [1]
 
 and the Declaration of Condominium of Nine Island Avenue.
 
 [2]
 
 After a hear
 
 *1250
 
 ing, the trial court granted the motion and subsequently entered a final judgment awarding attorney’s fees in favor of Siegel in the amount of $18,234. The Association appeals from the award of fees.
 

 On appeal, the Association argues that the trial court erred in awarding prevailing party fees to Siegel at this stage in the proceeding. Specifically, the Association asserts that because the matter is still pending in arbitration, there has yet to be a final determination of the merits of the case sufficient to justify an award of prevailing party fees. Siegel, however, argues that the trial court’s denial of the Association’s petition for injunctive relief was a final appealable determination of the matter and that the trial court properly awarded fees to him as the prevailing party-
 

 As this Court explained in
 
 Burnstein v. 5838 Condo., Inc.,
 
 430 So.2d 572, 572 (Fla. 3d DCA 1983), when a trial court enters a preliminary injunction, it is an interlocutory order, and as such “there can be no prevailing party for the purpose of awarding attorney’s fees until there is an end to the litigation.... ” In
 
 Bumstein,
 
 this Court concluded that an action for eviction and breach of lease remained pending after the association obtained a preliminary injunction against a tenant for noise abatement.
 

 The same reasoning applies, as here, where the trial court has denied a petition seeking preliminary relief. An award of prevailing party fees must be based upon a final determination of the merits of the case.
 
 Steinhardt v. Eastern Shores White House Ass’n, Inc.,
 
 413 So.2d 785, 786 (Fla. 3d DCA 1982) (“In order that there be a prevailing party and a losing party, there must necessarily be a disposition of the case or controversy as by judgment or order.”);
 
 accord Allstar Builders Corp., Inc. v. Zimmerman,
 
 706 So.2d 92, 92 (Fla. 3d DCA 1998) (“The prevailing party for attorney’s fees purposes is the party prevailing on the significant issues tried before the court.”). Therefore, even though a party is successful on an intermediate or interlocutory claim, that party is not entitled to prevailing party fees if the ultimate result is in favor of the other party.
 
 Kirou v. Oceanside Plaza Condo. Ass’n, Inc.,
 
 425 So.2d 650 (Fla. 3d DCA 1983) (finding that trial court erred in awarding fees to association, which had been successful on unit owner’s counterclaim, where, after trial, it ruled in favor of unit owner on the merits). This principle applies where the ultimate result is to be determined through arbitration.
 
 See Capron Trail Cmty. Dev. Dist. v. Frenz Enters., Inc.,
 
 674 So.2d 875 (Fla. 4th DCA 1996) (holding that trial court’s award of attorney’s fees to plaintiff in declaratory action was premature where arbitration concerning the contract was still pending).
 

 Here, the Association petitioned for a temporary injunction seeking access to the unit to allow for repairs it claimed were necessary. After the denial of the petition, the matter was returned to arbitration. While we note that the trial court could have granted Siegel’s motion for fees conditionally upon his ultimate success in arbitration, the trial court instead awarded Siegel $18,234 in attorney’s fees and entered judgment in his favor as the prevailing party.
 

 
 *1251
 
 We therefore find that the trial court’s award of fees was error as the non-final order denying the petition for injunction did not end the litigation between the parties. Because no final determination on the merits has yet been made,
 
 [3]
 
 no prevailing party exists, and we reverse the trial court’s entry of final judgment awarding attorney’s fees to Siegel.
 

 Reversed and remanded for proceedings consistent with this opinion.
 

 [1]
 

 . That section provides, in relevant part:
 

 718.303. Obligations of owners; waiver; levy of fine against unit by association (1) Each unit owner, each tenant and other invitee, and each association shall be governed by, and shall comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws and the provisions thereof shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
 

 (a) The association.
 

 (b) A unit owner.
 

 [[Image here]]
 

 The prevailing party in any such action
 
 or in any action in which the purchaser claims a right of voidability based upon contractual provisions as required in s. 718.503(l)(a)
 
 is entitled to recover reasonable attorney’s fees.
 

 (emphasis added).
 

 [2]
 

 . Section XVII B. of the Declaration states:
 

 In any proceeding arising because of an alleged failure of a Unit owner to comply with the terms of the Declaration, the Articles of Incorporation and By-Laws of the
 
 *1250
 
 Association, and any and all rules of regulations adopted pursuant thereto, as they may be amended from time to time, the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorney fees (at the trial level and at all levels of appeal) as may be awarded by the court.
 

 [3]
 

 . During the pendency of this appeal, the Association prevailed in the arbitration proceeding involving the Association's claim for damages caused by the delay in access, as well as the claim for access to the unit itself. Pursuant to section 718.1255(4)(k), Florida Statutes (2009), the prevailing party in the arbitration is entitled to the costs and reasonable attorney's fees once the arbitration award is final. An arbitration decision is final if the parties have agreed to be bound by the arbitrator’s decision. See
 
 id.
 
 An arbitration decision is also final if a complaint for a trial de novo is not filed in a court of competent jurisdiction within 30 days of the arbitration decision.
 
 Id.
 
 Because the time for filing such a complaint has not yet expired, a final determination of the merits of this case still remains pending. If a complaint for a trial de novo is filed, the parties must await a determination in that proceeding to ascertain the prevailing party for purposes of fees and costs.