PER CURIAM.
Ayco Farms, Inc., appeals the lower court’s order denying its motion to compel arbitration, and petitions for a writ of cer-tiorari to quash the lower court’s order granting the motion to compel discovery filed by Richard Peeler, Scott Taylor, and Ronnie Carter. We reverse and remand the appeal for the reason stated below, and deny the petition for writ of certiorari without comment.
The trial court erred as a matter of law by denying appellant’s motion to compel arbitration, because the court incorrectly found that appellant had waived its right to arbitrate by filing a motion for temporary injunction to enforce the parties’ Exclusive Sales Agreement. The following provision in the contract states that disputes between the parties must be submitted to arbitration except that Ayco may seek to enforce the agreement by injunction.
Disputes will be resolved by binding arbitration according to the Commercial Arbitration Rules of the American Arbitration Association, and not under the Perishable Agricultural Commodities Act' in Broward County, Florida. Notwithstanding the foregoing, Distributor may choose to bring suit in a state or federal court to obtain injunctive relief to enforce this Agreement.
Exercise of an express injunction exception to arbitration does not waive the party’s right to arbitration. See Fed. Vending, Inc. v. Steak & Ale of Fla., Inc., 687 So.2d 1366 (Fla. 4th DCA 1997); EMSA Ltd. Ptnshp. v. Mason, 677 So.2d 105 (Fla. 4th DCA 1996).
*979 It was undisputed that the parties had contracted for appellant to buy all of ap-pellee Peeler’s watermelons; that appellee would grow, harvest, and pack them; and that appellant would pick them up and transport them. The trial court’s injunction required this procedure to go forward to keep any potential damage as low as possible in light of the short time remaining for harvest. The court did not decide that a breach had occurred, which party was at fault, what percentage each party was at fault, or any damages owed by either party for melons sold to third parties or melons left to rot in the field. The injunction preserved the status quo and did not change the status of either party. See Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541 (1931).
APPEAL REVERSED and REMANDED, PETITION DENIED.
PADOVANO, LEWIS, and WETHERELL, JJ., concur.