IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Innerlight, Inc., | ) | AMENDED MEMORANDUM |
| | ) | DECISION[1] |
| Plaintiff and Appellee, | ) | |
| | ) | Case No. 20100602-CA |
| v. | ) | |
| | ) | F I L E D |
| The Matrix Group, LLC, | ) | (September 7, 2012) |
| | ) | |
| Defendant and Appellant. | ) | 2012 UT App 251 |

-----

Fourth District, Provo Department, 060400775
The Honorable Fred D. Howard

Attorneys:      Stephen Quesenberry and Jessica Griffin Anderson, Provo, for
                Appellant

-----

Before Judges Orme, Davis, and Christiansen.

ORME, Judge:

¶1     The Matrix Group appeals from the denial of its motion for an award of attorney fees and costs.  The appeal is well taken, and we remand for an award of fees.

¶2     Innerlight, Inc. and Matrix entered into a written agreement.  The agreement contains the following provision, with our emphasis:

>        In the event any party commences *any action* or proceeding
>        to enforce its rights hereunder, the prevailing party or

---

1. This Amended Memorandum Decision replaces the Memorandum Decision in Case No. 20100602-CA issued on August 30, 2012.

> parties *in any such action* shall be entitled to recover all of
> their costs and expenses, including reasonable attorneys'
> fees, incurred in connection therewith from the non-
> prevailing party or parties, both in connection with the
> original action relating thereto and any and all appeals
> therefrom.

The agreement also includes choice of law and choice of venue provisions: Florida law would govern the parties' rights and obligations, and they were required to file any lawsuits in a specified county in Florida.

¶3     In 2006, Innerlight filed a declaratory judgment action in Utah seeking an adjudication that the agreement was unenforceable. In response, Matrix moved to dismiss Innerlight's suit for improper venue pursuant to the agreement's forum selection clause. The district court denied Matrix's motion, concluding that the agreement, including the forum selection provision, was unenforceable. The district court ultimately granted Innerlight's motion for summary judgment.

¶4     On appeal, the Utah Supreme Court reversed, holding that "Innerlight and Matrix entered into a valid and binding agreement" and that "the forum selection and choice of law provisions are enforceable." *Innerlight, Inc. v. Matrix Group, LLC*, 2009 UT 31, ¶ 17, 214 P.3d 854. The Court vacated the district court's order denying Matrix's motion to dismiss and granting Innerlight's motion for summary judgment. It then "remand[ed] to the district court for further proceedings consistent with this opinion." *Id.* On remand, Matrix filed a motion seeking an award of its attorney fees and costs pursuant to the agreement's attorney fees provision.

¶5     In its fee motion, Matrix argued that it was entitled to recover its costs and fees incurred in defending Innerlight's declaratory judgment action because the Utah Supreme Court had determined that the agreement was valid and binding and because the agreement contained an attorney fees provision. That provision, Matrix contended, "allow[ed] the prevailing party in any action, including up through all appeals, to recover attorneys' fees." The district court denied Matrix's motion, ruling that, pursuant to the agreement, venue was proper in Florida and not in Utah. Therefore, the

court concluded that it did not have "jurisdiction over this matter including jurisdiction to award attorneys fees."[2]

¶6    In this appeal, Matrix argues that the district court erred in concluding that it lacked jurisdiction to award attorney fees to Matrix. Matrix contends that, as the prevailing party in the action dismissed by the district court, it is entitled to recover its fees and costs.

¶7    In accordance with the choice of law provision in the parties' agreement, Florida law controls. In making its arguments to us, Matrix relies primarily on Utah cases, apparently assuming that the familiar and straightforward notion that attorney fees are awarded in strict accordance with a contract's terms is a universal proposition, not something unique to Utah jurisprudence, and that Florida law would not differ on this point. For whatever reason, Innerlight did not see fit to file a brief on appeal,[3] and so

---

2. In so concluding, the district court appears to have read too much into the Supreme Court's decision. There is nothing in the opinion to suggest that Utah lacked jurisdiction over this dispute or the parties. After all, Innerlight is a Utah corporation and the alleged breach of contract occurred in Utah. And this is a civil action filed in district court. Nonetheless, the parties contractually agreed that venue over any legal disputes would be exclusively in the courts of Florida, where Matrix is based. Accordingly, the district court erred in concluding that it had "no jurisdiction over this matter including jurisdiction to award attorney's fees." Were this the case, the Supreme Court presumably would have said so. Instead, it remanded to the district court for "further proceedings." *Innerlight, Inc. v. Matrix Group, LLC*, 2009 UT 31, ¶ 17, 213 P.3d 854.

3. Innerlight was originally represented in this appeal by three Utah attorneys and two out-of-state attorneys. On October 28, 2010, Matrix filed its brief. Innerlight did not file a brief by November 30, 2010, as required, nor request an extension. On December 8, 2010, we entered an order advising that the case would be submitted on Matrix's brief only if an opposing brief was not filed within seven days. One week later, a notice of withdrawal was filed on behalf of all but one of Innerlight's attorneys of record. The omission of the fifth attorney was apparently inadvertent, and the oversight was called to the court's attention. In due course, an order directing Innerlight to appoint new

(continued...)

we do not have before us any argument that Florida law is fundamentally different from Utah law on this point. In view of how the case has been briefed—or rather, in view of the way it has *not* been briefed—we begin with the proposition that Florida and Utah law can be regarded as the same in terms of the awardability of attorney fees pursuant to contract. And the governing principle is this: "If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Jones v. Riche*, 2009 UT App 196, ¶ 2, 216 P.3d 357.

¶8    The provision before us does not suggest that only the ultimate winner in a global sense is entitled to an award of attorney fees. Rather, the provision goes out of its way to specify that the prevailing party in "any . . . action" that is filed is so entitled. While the underlying dispute between the parties lives on and might yet be the subject of another action for another day in another state, Matrix prevailed in *this* action. *See* Utah R. Civ. P. 2 ("There shall be one form of action to be known as '"civil action."'"); *id*. R. 3(a) ("A civil action is commenced . . . by filing a complaint with the court[.]"); *id*. R. 41(b) (governing involuntary dismissal of actions). After all, despite an initial ruling to the contrary in the district court, Matrix appealed that decision to our Supreme Court, secured a reversal of the district court's decision, and succeeded in having this action dismissed. *This* action is now over, and Matrix got exactly what it wanted in the action. In any meaningful sense, it *prevailed* in this action. This particular fee provision's plain meaning—and that is what we are duty-bound to enforce—is that Matrix, having prevailed in this action, is entitled to an award of its fees and costs.[4]

_____

3. (...continued)
counsel was issued. Innerlight did not appoint new counsel, and an order directing that the case be submitted on Matrix's brief alone was entered thereafter.

4. To conclude otherwise would require us to rewrite the attorney fees provision entered into by the parties as not really meaning "in any such action," plain and simple, but rather as being triggered only when a party prevails "in any such action that is resolved on the merits" or "in any such action that comprehensively resolves the underlying dispute between the parties" or "in any such action other than one resolved on procedural grounds." Such terminology was not what the parties selected, however, and they should of course be bound by the language to which they did agree. *See Jones v. Riche*, 2009 UT App 196, ¶ 2, 216 P.3d 357.

¶9     Our obligation is to enforce the attorney fees provision as agreed to by the parties, and that is what we have done.  But it is worth noting that doing so also works a result that is equitable and just.  After all, as the Supreme Court concluded, Innerlight had no business filing this lawsuit in Utah given the choice of forum provision in the contract.  Ignoring its contractual obligation to the contrary, Innerlight filed it here anyway.  When a well-taken motion to dismiss was filed, instead of standing down and dismissing its complaint voluntarily, it fought tooth and nail, requiring Matrix to argue the motion and then pursue an appeal to the Supreme Court to secure the dismissal to which it was entitled.  It would be unfortunate if Matrix had to do all that on its own dime, as would be its fate if the contract had no attorney fees provision or if Matrix were stuck with a limited and qualified attorney fees provision.  Fortunately for Matrix, the contract had a provision that entitled it to an award of fees in any action between the parties in which it prevailed.  And this is obviously such an action.

¶10    We reverse the district court's order of dismissal for lack of jurisdiction and remand for an appropriate award of attorney fees and costs to Matrix.


_____
Gregory K. Orme, Judge


-----


¶11    I CONCUR:


_____
James Z. Davis, Judge


-----


CHRISTIANSEN, Judge (concurring in result):

¶12    I write separately because I am not as convinced as my colleagues that Matrix was the "prevailing party" in "any action or proceeding" pursuant to the plain

language of the attorney fees provision of the parties' written agreement. I concur in the result because it does seem a fair and just resolution and because I believe that the law on the issue of whether Matrix is the prevailing party at this stage of the litigation is far from being established in either Utah or Florida, or, for that matter, in any jurisdiction. I note my disappointment that Innerlight chose not to file a response brief. But I would not go so far as to "treat [Innerlight's] failure to file a brief as an acknowledgment of the statement of facts contained in appellants' brief," or to "indulge a strong inference that the law is as cited and argued by appellants' counsel," *see Fitzgerald v. Salt Lake Cnty.*, 22 Utah 2d 128, 449 P.2d 653, 654 (1969). In this case, I am "aware of . . . case law contrary to the position advocated in the appellant['s] brief." *See id.* at 654-55. With very little effort, I was able to determine that pursuant to Florida law, an award of prevailing party attorney fees must be based upon a final determination of the merits of the case. *See Nine Island Ave. Condo. Ass'n, Inc. v. Siegel*, 23 So. 3d 1248, 1251 (Fla. Dist. Ct. App. 2009). "Therefore, even though a party is successful on an intermediate or interlocutory claim, that party is not entitled to prevailing party fees if the ultimate result is in favor of the other party." *Id.* at 1250.

¶13    Moreover, rule 1.420(b) of the Florida Rules of Civil Procedure provides that a dismissal for improper venue does not operate as an adjudication on the merits. *See* Fla. R. Civ. P. 1.420(b). Because there has not been a determination of the merits of the legal issues raised in this case, the ultimate resolution of the declaratory judgment action commenced in Utah by Innerlight is unknown. And though the Utah action was filed in an improper venue, nothing prevents Innerlight from refiling in the proper venue and having the merits of its claims resolved.

¶14    I would reverse the district court "only when [it] has committed error which is prejudicial to the result reached," *see Harrison v. Harrison*, 23 Utah 2d 294, 462 P.2d 170, 171 (1969), and I cannot say for certain here whether the district court committed error in determining that neither party has yet prevailed in this action. Nonetheless, I concur because it is not this court's job to argue Innerlight's position on its behalf, and affirming would necessarily require this court to do so.

_____
Michele M. Christiansen, Judge