CHRISTIANSEN, Judge
(concurring in result):
[ 12 I write separately because I am not as convinced as my colleagues that Matrix was the "prevailing party" in "any action or proceeding" pursuant to the plain language of the attorney fees provision of the parties' written agreement. I concur in the result because it does seem a fair and just resolution and because I believe that the law on the issue of whether Matrix is the prevailing party at this stage of the litigation is far from being established in either Utah or Florida, or, for that matter, in any jurisdiction. I note my disappointment that Innerlight chose not to file a response brief. But I would not go so far as to "treat [Innerlight's] failure to file a brief as an acknowledgment of the statement of facts contained in appellants' brief," or to "indulge a strong inference that the law is as cited and argued by appel *948 lants' counsel," see Fitzgerald v. Salt Lake Cnty., 22 Utah 2d 128, 449 P.2d 653, 654 (1969). In this case, I am "aware of ... case law contrary to the position advocated in the appellant['s] brief." See id. at 654-55. With very little effort, I was able to determine that pursuant to Florida law, an award of prevailing party attorney fees must be based upon a final determination of the merits of the case. See Nine Island Ave. Condo. Ass'n, Inc. v. Siegel, 23 So.3d 1248, 1251 (Fla.Dist.Ct.App.2009). "Therefore, even though a party is successful on an intermediate or interlocutory claim, that party is not entitled to prevailing party fees if the ultimate result is in favor of the other party.'' Id. at 1250.
1 13 Moreover, rule 1.420(b) of the Florida Rules of Civil Procedure provides that a dismissal for improper venue does not operate as an adjudication on the merits. See Fla. R. Civ. P. 1.420(b). Because there has not been a determination of the merits of the legal issues raised in this case, the ultimate resolution of the declaratory judgment action commenced in Utah by Innerlight is unknown. And though the Utah action was filed in an improper venue, nothing prevents Innerlight from refiling in the proper venue and having the merits of its claims resolved.
T14 I would reverse the district court "only when [it] has committed error which is prejudicial to the result reached,'' see Harrison v. Harrison, 23 Utah 2d 294, 462 P.2d 170, 171 (1969), and I cannot say for certain here whether the district court committed error in determining that neither party has yet prevailed in this action. Nonetheless, I concur because it is not this court's job to argue Innerlight's position on its behalf, and affirming would necessarily require this court to do so.