**2015 UT App 303**

# THE UTAH COURT OF APPEALS

BAD ASS COFFEE COMPANY OF HAWAII, INC.,
Appellant,
*v.*
ROYAL ALOHA INTERNATIONAL, LLC,
Appellee.

Opinion
No. 20140322-CA
Filed December 24, 2015

Third District Court, Salt Lake Department
The Honorable L.A. Dever
No. 130906130

Blake T. Ostler, Attorney for Appellant

Joshua R. Furman and John P. Bagley, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Opinion, in which JUDGES
J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN concurred.[1]

DAVIS, Judge:

¶1     Bad Ass Coffee Company of Hawaii, Inc. (BACH) appeals the district court's grant of Royal Aloha International, LLC's (RAI) motion to dismiss for improper venue. *See* Utah R. Civ. P. 12(b)(3). We reverse and remand for further proceedings.

---

1. Judge James Z. Davis authored this opinion as a member of the Utah Court of Appeals. He retired from the court on November 16, 2015, before this opinion issued.

BACKGROUND

¶2      In 2011, RAI and BACH entered into a license agreement (the Agreement) in which BACH transferred to RAI "an exclusive, royalty-free, perpetual, irrevocable, worldwide right to use, market and exploit the licensed mark established by BACH together with its proprietary coffee beans, mixes, syrups and other ingredients and the BACH system in all places in the world except the United States, Japan and Malaysia."[2] In return, BACH was granted a 25% equity interest in RAI.

¶3      The Agreement was negotiated by Bachir Mihoubi, who was RAI's agent, and Harold Hill, BACH's former president. According to BACH, Hill—whose family-owned company, HJM, Inc., is a member and manager of RAI—engaged in self-dealing in negotiating the Agreement and conspired with Mihoubi to misappropriate a corporate opportunity belonging to BACH, to conceal Hill's interest in the deal, and to replace the contract drafted by BACH's legal counsel with one that materially altered terms meant to protect BACH's interests.

¶4      In 2013, BACH brought a complaint against RAI requesting a judgment declaring the Agreement void because it

> (a) is an illusory contract; (b) fails for failure and lack of consideration; (c) is contrary to BACH's Bylaws; (d) violates Utah's Revised Business Corporations Act; (e) results from self-dealing and a conspiracy to misappropriate corporate opportunities; (f) is the result of a conflict transaction; (g) lacks requisite authority; and (h) for other reasons shown at a trial in this matter.

---

2. We recite the facts as stated in BACH's amended complaint.

In response, RAI brought a motion to dismiss for improper venue pursuant to rule 12(b)(3) of the Utah Rules of Civil Procedure, citing a forum-selection clause in the Agreement requiring that all litigation take place in Fulton County, Georgia. BACH opposed the motion to dismiss, arguing that the forum-selection clause did not apply to its claims and that even if it did, it should not be enforced because, inter alia, *see infra* note 4, it was fraudulently obtained.

¶5      Following a hearing, the district court granted RAI's motion. Although the district court was "troubled somewhat by . . . the claim of fraud," it considered itself bound by the Utah Supreme Court's holding in *Innerlight, Inc. v. Matrix Group, LLC*, 2009 UT 31, 214 P.3d 854, to enforce the forum-selection clause based on a plain-language reading of the Agreement, regardless of whether the Agreement, or even the forum-selection clause itself, might have been obtained by fraud. BACH now appeals.

ISSUE AND STANDARD OF REVIEW

¶6      BACH argues that the district court employed the wrong legal standard in enforcing the forum-selection clause.[3] Whether the district court applied the correct legal standard is a question

---

3. BACH alternatively argues that the forum-selection clause, which applies to "any dispute arising from the interpretation or performance in connection with this Agreement," does not apply to BACH's declaratory action regarding the "existence and validity" of the Agreement. However, it appears that at least some of BACH's arguments—that the Agreement is an illusory contract, that it fails for lack of consideration, that it is contrary to BACH's bylaws, and that it violates Utah's Revised Business Corporations Act—would require the district court to interpret the Agreement. Thus, we are not convinced that these claims do not fall within the purview of the forum-selection clause.

of law, which we review for correctness. *Jensen v. Intermountain Power Agency*, 1999 UT 10, ¶ 10, 977 P.2d 474. Assuming that the district court has applied the correct legal standard, its "decision to enforce a forum selection clause is reviewed for abuse of discretion." *Jacobsen Constr. Co. v. Teton Builders*, 2005 UT 4, ¶ 9, 106 P.3d 719.

ANALYSIS

¶7 "[F]orum selection clauses that have been obtained through freely negotiated agreements and are not unreasonable and unjust will be upheld as valid." *Energy Claims Ltd. v. Catalyst Inv. Group Ltd.*, 2014 UT 13, ¶ 47, 325 P.3d 70 (citation and internal quotation marks omitted). A plaintiff seeking to avoid enforcement of a forum-selection clause bears the burden of demonstrating that enforcement would be unfair or unreasonable. *Prows v. Pinpoint Retail Sys., Inc.*, 868 P.2d 809, 812 (Utah 1993). This may be accomplished by proving (1) "that the chosen state would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust"; (2) that "the choice-of-forum provision was obtained by fraud, duress, the abuse of economic power, or other unconscionable means"; or (3) that "the courts of the chosen state would be closed to the suit or would not handle it effectively or fairly." *Id.* at 812 & n.5 (citations and internal quotation marks omitted). In opposing RAI's motion to dismiss, BACH asserted that it would be unfair and unreasonable to enforce the forum-selection clause because the Agreement was obtained by fraud or overreaching.[4]

---

4. BACH's argument on appeal centers on whether the Agreement as a whole is enforceable rather than on whether it would be fair and reasonable to enforce the forum-selection clause. In support of its argument that the Agreement is unenforceable, BACH asserts that the Agreement was procured

(continued…)

¶8 In ruling on RAI's motion to dismiss, the district court concluded that our supreme court's decision in *Innerlight* precluded it from looking beyond the "four corners" of the contract to consider whether the unambiguous forum-selection clause was obtained by fraud. We agree with BACH that the district court incorrectly interpreted *Innerlight*, particularly in light of our supreme court's more recent holding in *Energy Claims Ltd. v. Catalyst Inv. Group Ltd.*, 2014 UT 13, 325 P.3d 70.[5]

---

(…continued)
through fraud or overreaching, that Hill lacked authority to approve the Agreement on BACH's behalf, that the Agreement fails for lack of consideration, and that RAI's obligations under the Agreement are illusory. However, even if BACH were to ultimately establish that the Agreement is unenforceable due to lack of authority, failure of consideration, or illusory obligations, it would not necessarily follow that the forum-selection clause is unfair or unreasonable. *See Innerlight, Inc. v. Matrix Group, LLC*, 2009 UT 31, ¶ 15, 214 P.3d 854 (holding that a forum-selection clause was enforceable, even where other contract provisions were invalidated due to the failure of a condition precedent, where the parties did not express their intent for the condition precedent to apply to the entire contract); *see also Marra v. Papandreou*, 216 F.3d 1119, 1123 (D.C. Cir. 2000) ("A forum-selection clause is understood not merely as a contract provision, but as a distinct contract in and of itself . . . that is separate from the obligations the parties owe to each other under the remainder of the contract."), *cited with approval in Innerlight*, 2009 UT 31, ¶ 16 n.5. Thus, in reviewing the district court's decision to dismiss for improper venue, we consider only BACH's argument that the Agreement was obtained by fraud or overreaching.

5. *Energy Claims* was decided after the district court ruled on RAI's motion to dismiss.

¶9     In *Innerlight*, the court was not faced with a claim of fraud and, indeed, confirmed that the contract at issue in that case had been "negotiated and signed by both parties," "each of [which] was represented by counsel." *Innerlight*, 2009 UT 31, ¶ 14 & n.4 (alteration in original) (footnote and internal quotation marks omitted). The *Innerlight* court merely determined that the failure of a condition precedent that rendered a portion of the contract unenforceable had no impact on the enforceability of the forum-selection clause where the parties did not indicate their intent for it to do so. *Id.* ¶ 15. Thus, *Innerlight* does not stand for the proposition that an unambiguous forum-selection clause must be enforced even in the face of allegations that the contract was obtained by fraud. Furthermore, any possibility that *Innerlight* could be read to suggest such a proposition has been foreclosed by *Energy Claims*, which clearly contemplates the possibility that a district court could decline to enforce a forum-selection clause where the contract has been procured by fraud.

¶10     In *Energy Claims*, the supreme court specifically addressed the fraud exception to the general rule that forum-selection clauses should be enforced. *Energy Claims*, 2014 UT 13, ¶ 47; *see also Prows*, 868 P.2d at 812 n.5. In outlining the plaintiff's burden of proof in such cases, the court adopted the minority approach, which permits invalidation of a forum-selection clause where a plaintiff can show that the contract was entered into fraudulently, as opposed to the majority rule, which requires the plaintiff to demonstrate that the clause itself resulted from fraud. *Energy Claims*, 2014 UT 13, ¶¶ 49–52. Under Utah law, a plaintiff seeking to avoid a forum-selection clause on fraud grounds must first satisfy rule 9(b) of the Utah Rules of Civil Procedure by pleading fraud with particularity. *Id.* ¶ 54. Then, "should the district court deem it necessary, it has the discretion to hold an evidentiary hearing on the allegations of fraud or overreaching before deciding whether to enforce the challenged forum selection clause." *Id.* ¶ 55.

¶11    Here, the district court dismissed the case based on its interpretation of the forum-selection clause without considering whether the alleged fraud or overreaching made enforcement unfair or unreasonable. The district court did not consider whether BACH had adequately pleaded a fraud claim and did not hold an evidentiary hearing to consider the fraud evidence. Thus, we agree with BACH that the district court applied the wrong standard in dismissing the case based on the forum-selection clause.

¶12    RAI argues that we should nevertheless affirm the dismissal on the ground that BACH failed to state a claim of fraud in its amended complaint and therefore did not comply with rule 9(b)'s particularity requirement. Because the district court did not consider the sufficiency of the complaint, we consider it more appropriate to remand the case to give the district court the opportunity to determine whether BACH adequately pleaded fraud or overreaching[6] and, if appropriate, give BACH an opportunity to amend its complaint.

---

6. Because the fraud exception to the general rule for enforcing forum-selection clauses "relates to the issue of 'overreaching' generally" and encompasses a number of related claims, whether based in contract or tort, BACH's claim of overreaching, if pleaded with particularity, could support a determination not to enforce the forum-selection clause. *See Energy Claims Ltd. v. Catalyst Inv. Group Ltd.*, 2014 UT 13, ¶ 49 n.70, 325 P.3d 70 (explaining that the opinion's analysis of forum selection clauses obtained by fraud "applies equally to all allegations of overreaching," including an allegation that a contract was obtained through "'unconscionable means' in furtherance of a civil conspiracy"); *see also Black's Law Dictionary* 1213 (9th ed. 2009) (defining "overreaching" as "[t]he act or an instance of taking unfair commercial advantage of another, esp. by fraudulent means").

CONCLUSION

¶13    The district court applied the wrong legal standard when it dismissed BACH's amended complaint based on a plain-language reading of the forum-selection clause without considering whether alleged fraud or overreaching on the part of RAI made it unfair or unreasonable to enforce the forum-selection clause. We therefore reverse the district court's order of dismissal and remand for further proceedings.

––––––––––