**MONT TRUCKING, INC., Plaintiff and Appellee,**

v.

**ENTRADA INDUSTRIES, INC., INTERSTATE BRICK DIVISION, a Delaware Corporation; and Interstate Brick Company, a Utah Corporation, Defendants and Appellants.**

No. 890386–CA.

Court of Appeals of Utah.

Dec. 7, 1990.

---

Henry S. Nygaard, Elizabeth Arbenz (argued), Nygaard, Coke & Vincent, Salt Lake City, for defendants and appellants.

David T. Aagard (argued), Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, JACKSON and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Defendants Entrada Industries, Inc., Interstate Brick Division, and Interstate Brick Company (referred to collectively as "Entrada") appeal from a non-jury trial court judgment entered in favor of plaintiff Mont Trucking, Inc. (Mont).

In this action for breach of contract, Entrada claims its defenses of waiver and estoppel preclude judgment for Mont. Entrada also contends the court erred in assessing interest under Utah Code Ann. § 15-1-1 (Supp.1990). Mont claims this is a frivolous appeal. We affirm.

## FACTS

Mont, an independent contractor, transported brick for Entrada from 1959 to 1986. In 1977 the parties, for the first time, executed a written contract, which was replaced by a second written contract dated March 12, 1982.

The 1982 contract provided:

[Mont] agrees to operate as a contract motor carrier of property to transport for the account of [Entrada] the commodities described in Exhibit "A", and pursuant thereto to furnish all work, equipment, labor and all other materials and services at its expense necessary to accomplish the work in a skillful and workmanlike manner.

Exhibit "A" to the contract specified the freightage rate to be paid Mont. The contract further provided, "This memorandum contains the entire Agreement between the parties relative to the subject matter hereof, and can be amended or modified only in writing, signed by duly authorized officers of Shipper and Carrier."

Nevertheless, from March 14, 1982 until May of 1984, Entrada deducted five percent from the contractual amount owed Mont, ostensibly for administrative services provided by Entrada. These services had been provided in the past as part of the overall arrangement between the parties at no cost to Mont. The trial court found that the contract did not change this practice. Mont's president, Mont Cox, complained orally of the deductions to Dennis Webber, Entrada's traffic manager and dispatcher. Webber was responsible for all inbound and outbound freight. Additionally, Webber had reviewed the 1982 contract with Mont Cox when Cox signed it. Webber testified that from his discussions with Cox, he knew Cox was "concerned" and "upset" about the deductions. Entrada also reduced the freight rate paid to Mont beginning in March of 1983 and continued this practice for over one year. Neither rate reduction was pursuant to written agreement, as required by the contract, nor does the record show the parties otherwise agreed to the reduction.

As a result of Entrada's five percent administrative deduction, Mont received $35,066.61 less than the agreed fee during the period this unilateral deviation from the terms of the contract was in effect. The unilateral freight rate reduction produced $14,430.44 less revenue for Mont than the contract amount. The trial court awarded judgment to Mont in the sum of these figures, $49,497.05, plus legal interest from the date the damages were incurred.

## WAIVER

■ Entrada claims that Mont waived his right to bring this action by its acquiescence at the time of the breach. Waiver is "the intentional relinquishment of a known right." *Barnes v. Wood,* 750 P.2d 1226, 1230 (Utah Ct.App.1988). In order for waiver to occur, "there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it." *Id.* "The party's actions or conduct must evince unequivocally an intent to waive, or must be inconsistent with any other intent." *Id.* "Whether a right has been waived is generally a question of fact and therefore we accord considerable deference to the finder of fact's determination." *Id.* Findings of fact will be affirmed unless clearly erroneous, that is, unless they are against the clear weight of the evidence or we are definitely and firmly convinced the trial court made a mistake. Utah R.Civ.P. 52(a); *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.,* 744 P.2d 1376, 1377 (Utah 1987).

The contract in this case is not ambiguous and clearly defines the fees to be paid. There was no claim that Mont was unaware of its rights under the contract. Therefore, the disposition of this issue rests in the third element, intention to relinquish.

In the case at hand, Mont complained orally to Webber, Entrada's traffic manager and dispatcher. Because of Webber's position and responsibilities in Entrada, Entrada had notice of Mont's dissatisfaction. There is no evidence of overt acquiescence by Mont. Although Mont waited some time before bringing a suit to enforce its

rights, the conversations between Mont Cox and Webber make it clear that, as evidenced by its actions, Mont did not unequivocally evince an intent to waive. There was no clear error in the trial court's finding that Mont did not waive his right to enforcement of the contract. Therefore, we affirm the finding.

## ESTOPPEL

■ Entrada further claims that Mont should be estopped from bringing this action because of Entrada's detrimental reliance on Mont's "acquiescence." Estoppel is " 'conduct by one party which leads another party, in reliance thereon, to adopt a course of action resulting in detriment or damage if the first party is permitted to repudiate his conduct.' " *Blackhurst v. Transamerica*, 699 P.2d 688, 691 (Utah 1985) (quoting *United American Life Ins. Co. v. Zions First National Bank*, 641 P.2d 158, 161 (Utah 1982)). "To find estoppel, three elements must be present: (1) a representation, act, or omission, (2) justifiable reliance, and (3) a change of position to one's detriment based on that reliance." *Rothey v. Walker Bank & Trust Co.*, 754 P.2d 1222, 1224 (Utah 1988). "[I]t should be noted that estoppel presents a question of fact." *Terry v. Price Mun. Corp.*, 784 P.2d 146, 148 (Utah 1989).

Payment of an amount contractually agreed to cannot constitute a detriment to support an estoppel claim. *Barnes v. Wood*, 750 P.2d 1226 (Utah Ct.App.1988). This proposition controls the present case. Entrada suffered no detriment from the enforcement of a contract voluntarily entered into, and its estoppel claim must fail on that basis.[1] Further, because of Mont Cox's complaints to Webber, Entrada also fails to meet the requirement of justifiable reliance. Because Mont made its dissatisfaction with the situation known, any reliance on Mont's failure to assert its contractual rights sooner was not justifiable.

## INTEREST

■ Entrada also claims the trial court erred in finding that Mont was entitled to interest at the legal rate from the date the damages were incurred. Entrada does not contend that the rate or time of application is incorrect. Instead, Entrada claims that the circumstances do not justify such a large award. Utah Code Ann. § 15–1–1(2) (Supp.1990) provides: "Unless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods, or chose in action shall be 10% per annum." The trial judge, therefore, was required as a matter of law to award the statutorily mandated rate. There is no exception for interest otherwise owing simply because, with the passage of time, the award has become significant in amount. *See* note 1, *supra.*

## FRIVOLOUS APPEAL

■ Rule 33(a) of the Utah Rules of Appellate Procedure provides in relevant part: "[I]f the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages, which may include single or double costs, as defined in Rule 34, and/or reasonable attorney fees, to the prevailing party." While the issues in this case are for the most part readily resolved, "sanctions for frivolous appeals should only be applied in egregious. cases, lest there be an improper chilling of the right to appeal erroneous lower court decisions." *Porco v. Porco*, 752 P.2d 365, 369 (Utah Ct.App.1988). Therefore, because the claim of waiver had some merit and a reasonable legal basis, we find that this appeal was not frivolous, and thus there is no

---

**1.** Nor can Entrada's liability for interest, treated more fully in the next section, supply the "detriment" element. Paying money later with interest is, in legal effect, precisely the same as paying it when due without interest. "The policy reason for this rule 'is that, because of the delay, the debtor has the beneficial use of monies that do not belong to it, while the creditor is denied the beneficial use of those same monies to which it is legally entitled.' " *Vali Convalescent & Care Inst. v. Division of Health Care Fin.*, 797 P.2d 438, 445 (Utah Ct.App.1990) (quoting *Boards of Educ. v. Salt Lake County Comm'n*, 749 P.2d 1264, 1267 (Utah 1988)).

basis for an award of double costs or attorney fees.

peal was not frivolous. The judgment of the trial court is affirmed.

## DISPOSITION

JACKSON and ORME, JJ., concur.

Mont did not waive its rights under the contract and was not estopped from bringing suit to enforce the written contract. Further, the trial court acted properly in granting legal interest from the date the damages were incurred. Finally, this ap-