2009 UT App 196

**Kalynn JONES and Charles Jones dba CJ's Rentals, Plaintiffs and Appellants,**

v.

**Tammie RICHE and Paul Riche, Defendants and Appellees.**

No. 20080464–CA.

Court of Appeals of Utah.

July 23, 2009.

Don M. Torgerson and Samuel P. Chiara, Price, for Appellants.

Sonny J. Olsen, Price, for Appellees.

Before Judges GREENWOOD, BENCH, and ORME.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 "In Utah, attorney fees are awardable only if authorized by statute or by contract." *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988). "The award of attorney fees is a matter of law, which we review for correctness." *EDSA/Cloward, LLC v. Klibanoff,* 2008 UT App 284, ¶ 8, 192 P.3d 296 (citation and internal quotation marks omitted).

¶ 2 If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms. *See Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, ¶ 73, 201 P.3d 966; *R.T. Nielson Co. v. Cook,* 2002 UT 11, ¶ 17, 40 P.3d 1119; *Softsolutions, Inc. v. Brigham Young Univ.,* 2000 UT 46, ¶ 41, 1 P.3d 1095; *Cobabe v. Crawford,* 780 P.2d 834, 836 (Utah Ct.App.1989) (stating that attorney fee provisions "should ordinarily be honored by the courts" and attorney fees awarded "in accordance with the terms of the parties' agreement," and that when "the [legal] right [to attorney fees] is contractual, the court does not possess the same equitable discretion to deny attorney[ ] fees that it has when fashioning equitable remedies, or applying a statute which allows the discretionary award of such fees") (citations and internal quotation marks omitted). Thus, the trial court in this case was limited to awarding attorney fees "in strict accor-

dance with" the rental agreement's terms. *Giusti*, 2009 UT 2, ¶ 73, 201 P.3d 966 (citation and internal quotation marks omitted). The agreement stated: "In the event of default by either party under this Agreement, the defaulting party shall pay all costs and expenses of enforcing the same, including reasonable attorney's fees incurred, whether or not suit has been filed and whether incurred for or after judgment."

 ¶ 3 When a contract requires, as this one does, that the defaulting party pay attorney fees, "the sole criterion for [a party] to obtain attorney fees ... is to show default by the other contract party." *Foote v. Clark*, 962 P.2d 52, 54–55 (Utah 1998). Based on such contract language, "[t]he amount of [the non-defaulting party's] recovery ... is irrelevant" because unlike other contracts that require a successful or prevailing party, such a provision "does not require any evaluation of the parties' respective success in an action brought to remedy a default." *Id.* at 54. And a finding that one party "breached the contract ... is tantamount to a holding that [the party] defaulted." *Id.* at 55 (internal quotation marks omitted). The jury in this case, by special verdict, found that the Riches breached the contract.[1] Because the rental agreement clearly provided that the defaulting party must pay the other side's attorney fees, the jury's finding that the Riches breached the rental agreement unavoidably leads to the conclusion that the Riches were the defaulting parties,[2] and as such would be responsible for the Joneses' attorney fees incurred in enforcing the agreement.

¶ 4 Despite the verdict and the contract provision providing that attorney fees be paid by the defaulting party, the trial court determined that the Riches were the "prevailing party" under case law addressing that issue, *see J. Pochynok Co. v. Smedsrud*, 2005 UT 39, 116 P.3d 353; *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47, ¶¶ 7–14, 27–30, 94 P.3d 270; *R.T. Nielson Co.*, 2002 UT 11, ¶¶ 17–18, 22–26, 40 P.3d 1119, and awarded attorney fees to the Riches based on its interpretation of the Reciprocal Attorney Fees statute, *see* Utah Code Ann. § 78B–5–826 (2008)[3] ("A court may award costs and attorney fees to either party that prevails in a civil action based upon any ... written contract ... when the provisions of the ... written contract ... allow at least one party to recover attorney fees."). We conclude that the trial court's resort to the statute and cases interpreting the terms "successful party" or "prevailing party" was not warranted because this approach contradicted the clear contractual language that created the right to attorney fees in this case.

¶ 5 Our conclusion accords with the Utah Supreme Court's decision in *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966. There, the Court held that *Bilanzich v. Lonetti*, 2007 UT 26, 160 P.3d 1041, a case interpreting the Reciprocal Attorney Fees statute, *see id.* ¶¶ 12–21, does not apply when "neither party ha[s] a contractual advantage [to attorney fees] or assume[s] more contractual liability than the other." *Giusti*, 2009 UT 2, ¶ 77, 201 P.3d 966. Instead, the Reciprocal Attorney Fees statute applies "when a contract creates 'an unequal exposure to the risk of contractual liability for attorney fees,' [and is applied] to ensure that both parties are subject to the attorney fee provision." *Id.* (quoting *Bilanzich*, 2007 UT 26, ¶ 19, 160 P.3d 1041).[4] The *Giusti* court determined that a contract provision that required reasonable attorney fees to be paid to the non-defaulting party if "*either party defaults*," *id.*

---

1. In addition, the jury found that the Riches' waste was willful but not wanton or malicious and that the Joneses did not commit fraud and were not unjustly enriched. The jury awarded the Joneses $1662 in damages, which the court properly trebled to $4986. The court then reduced the Joneses' damages to $1637, after subtracting $3349 in attorney fees on the rationale that the Riches had prevailed.

2. In fact, the Riches basically admitted in their brief that they were the defaulting parties, acknowledging in the course of making their argument that "it was impossible for them to recover fees [under the contract] because they were the defaulting party."

3. We cite to the current version of the code as a convenience to the reader. The trial court relied on Utah Code section 78–27–56.5, which has been renumbered as part of the recent recodification of former Title 78, *see* Utah Code Ann. § 78B–5–826 amendment notes (2008).

4. As the *Bilanzich* court explained, the Reciprocal Attorney Fees statute
 was designed to "creat[e] a level playing field" for parties to a contractual dispute. The stat-

¶ 72 (emphasis in original) (internal quotation marks omitted), created a situation where both parties "were subject to the provision equally," *id.* ¶ 77, and, as such, attorney fees could only be awarded in accordance with the contractual provision, and not under Utah Code section 78B–5–826, *see id.* ¶¶ 73, 77.

¶ 6 Similarly, in this case, the contract language provided that if "either party" defaulted, the defaulting party would be required to pay the attorney fees associated with enforcing the rental agreement. Because the attorney fee provision cut both ways, "neither party had a contractual advantage," *id.* ¶ 77, the trial court was required to strictly enforce the agreement's terms, and the court was not at liberty to rely on the Reciprocal Attorney Fees statute, Utah Code section 78B–5–826, to contradict the agreement's terms. *See id.* ¶¶ 73, 75–77.

■ ¶ 7 We must acknowledge that the trial court's position and the Riches' argument on appeal are consistent with a literal reading of the statute, at least when viewed in isolation from its purpose—reflected in its title [5]—and the cases on which we rely. Thus, it is possible to say that, because the parties' contract "allow[s] at least one party to recover attorney fees," Utah Code Ann. § 78B–5–826—i.e., both of them—the "court may award ... attorney fees to either party that prevails," *id.*, even though the "prevailing party" standard is not the standard for awarding fees that the parties included in their contract. But as we are not writing on a clean slate, we prefer to follow the policy and logic reflected in the case law and to view the statute as wholly inapplicable in this case where the parties' contract contained a bilateral, mutually enforceable attorney fee provision rather than a one-sided attorney

fee provision, which is the situation the statute is intended to ameliorate.

¶ 8 The award of attorney fees to the Riches is reversed and the case is remanded to the trial court to award attorney fees to the Joneses. Such an award will, of course, include their attorney fees reasonably incurred on appeal. *See Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980).

¶ 9 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and RUSSELL W. BENCH, Judge.

---

ute levels the playing field by allowing both parties to recover fees where only one party may assert such a right under contract, remedying the unequal allocation of litigation risks built into many contracts of adhesion. In addition, this statute rectifies the inequitable common law result where a party that seeks to enforce a contract containing an attorney fees clause has a significant bargaining advantage over a party that seeks to invalidate the contract. The former could demand attorney fees if successful, while the latter could not.
2007 UT 26, ¶ 18, 160 P.3d 1041 (alteration in original) (citations omitted). We note that this is not the kind of "unequal footing" that the Riches

insist permits the trial court to award them fees, i.e., that because they were the parties in default, the contract would allow the Joneses to recover attorney fees but not them. Of course, such was the very purpose of this attorney fee provision, and it is fully reciprocal in the sense that if the Joneses had been the parties in default, the Riches would be entitled to recover their attorney fees while the Joneses would not.

5. Section 78B–5–826 is titled "Attorney fees-Reciprocal rights to recover attorney fees." *See* Utah Code Ann. § 78B–5–826 (2008).