**2018 UT App 206**

## THE UTAH COURT OF APPEALS

PIONEER BUILDERS COMPANY OF NEVADA INC.,
*Appellee,*
*v.*
K D A CORPORATION,
*Appellant.*

Opinion
No. 20170312-CA
Filed November 1, 2018

First District Court, Logan Department
The Honorable Brandon J. Maynard
No. 030100421

N. George Daines and Jonathan E. Jenkins, Attorneys
for Appellant

Gary N. Anderson and R. Christian Hansen,
Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

TOOMEY, Judge:

¶1 K D A Corporation (K D A) appeals the district court's order that denied its Motion to Enforce Redemption Right and granted Pioneer Builders Company of Nevada Inc.'s (Pioneer) Motion to Enforce Settlement Agreement. K D A argues the court erred in ruling K D A waived the statutory right of redemption[1] under the terms of a settlement agreement (the

___

1. Redemption is "the regaining of property by satisfaction of an obligation." *Redemption*, Webster's Third New Int'l Dictionary 1902 (1993). In Utah, "[s]ales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption,"

(continued…)

Agreement) between K D A and Pioneer. We conclude K D A did not waive its right of redemption because the Agreement did not contain a clear and unmistakable waiver of that right. We therefore reverse and remand this case to the district court for further proceedings consistent with this opinion.

BACKGROUND

¶2     In October 2000, K D A sold approximately forty acres of real property (the Property) to a buyer through an installment contract and secured by trust deed. The buyer financed the purchase with a loan from Pioneer, and Pioneer's loan was also secured by trust deed. When the buyer defaulted, Pioneer sought to foreclose. The foreclosure resulted in a dispute concerning the relative priority of the parties' trust deeds. After several years of litigation, Pioneer and K D A entered into the Agreement to "resolv[e] all differences between them, subject to the terms and conditions of [the] Agreement."

¶3     The Agreement included multiple provisions that subordinated K D A's trust deeds to Pioneer's trust deeds. Specifically, K D A agreed that Pioneer's trust deeds "attached to, affect, and encumber [the Property] . . . ahead of, superior to, and not subject to KDA's [trust deeds]." The parties reiterated that priority by including a formal subordination agreement, stating:

---

(…continued)
Utah Code Ann. § 78B-6-906(1) (LexisNexis 2012), "by a creditor having a lien on the property junior to that on which the property was sold," Utah R. Civ. P. 69C(b). To redeem, the creditor must, within 180 days of the sale, pay the purchaser of the property the amount of the purchase at the sale plus six percent. *See id.* R. 69C(b), (e).

> [A]s part of a settlement of various claims and
> disputes between and among them, KDA and
> Pioneer have agreed . . . to the subordination of
> KDA's [trust deeds] and its other claimed estates,
> rights, titles, liens, and encumbrances, and other
> interests in, on, and/or to the Property . . . to
> Pioneer's [trust deeds].

K D A further agreed "that pursuant to [the subordination agreement] Pioneer's [trust deeds] . . . have priority over KDA's [trust deeds], and any and all other liens, encumbrances, and other interests of KDA in, on, and to the Property," and that the priority of Pioneer's trust deeds over K D A's trust deeds "shall be respected in the presently pending judicial foreclosure."

¶4      The Agreement also contained stipulations, releases, and reservations of claims. In one provision, K D A agreed that

> Pioneer is entitled to foreclose upon [the Property],
> . . . including, but without limitation, foreclosing
> out, terminating, and extinguishing any and all
> estates, rights, titles, liens, encumbrances, and
> other interests . . . that KDA may have or claim in,
> on, or to [the Property], including, without
> limitation, KDA's [trust deeds.]

K D A did not expressly reserve the right of redemption as a subordinate lienholder on the Property.

¶5      After executing the Agreement, Pioneer continued with the foreclosure. At a sheriff's sale, Pioneer was the only bidder and purchased the Property for $200,000. Less than six months later, K D A attempted to redeem the Property as a subordinate lien holder, serving Pioneer with an exercise of redemption and a cashier's check for $212,000. Pioneer rejected the redemption attempt and returned the check, claiming that K D A waived the right of redemption when it signed the Agreement.

¶6    K D A filed a Motion to Enforce Redemption Right with the district court. In that motion, K D A denied waiving the right of redemption and asserted its rights as a "'creditor having a lien on the property junior to that on which the property was sold.'" (Quoting Utah R. Civ. P. 69C(b).) To that end, K D A asked the court to interpret the Agreement as merely subordinating the priority of its trust deeds to those of Pioneer.

¶7    Pioneer opposed K D A's motion and filed its own motion to enforce the Agreement as a waiver of K D A's right of redemption. It argued that the Agreement's language of the agreement "clearly demonstrates KDA waived any and all interest it had in" the Property. Pioneer also noted that, although the Agreement expressly reserved K D A's "existing and ongoing rights," it did not reserve the right of redemption.

¶8    After considering the arguments, the district court concluded that K D A "freely and validly waived its right of redemption and was not entitled to redeem the Property." The court stated that the "Agreement clearly provides Pioneer is entitled to foreclosure upon the Property, thus foreclosing out, terminating, and extinguishing any and all estates, rights, titles, liens, encumbrances, and other interests . . . that KDA may have or claim in . . . [the Property]." (Quotation simplified.) Based on that language, the court concluded that "when Pioneer foreclosed upon the Property, any right or title KDA had was extinguished." "Therefore, when KDA attempted to redeem the Property, . . . it was no longer a 'creditor having a lien on the property' or 'a creditor having a right of redemption.'" (Quoting Utah R. Civ. P. 69C(b).) After the district court ruled in favor of Pioneer, K D A stipulated to Pioneer's award of attorney fees as the prevailing party, but reserved the right to challenge that award and seek its own attorney fees if successful on appeal.

¶9    K D A appeals.

ISSUES AND STANDARDS OF REVIEW

¶10    K D A argues the district court erred in interpreting the Agreement to waive its statutory right of redemption. "Settlement agreements are governed by the rules applied to general contract actions." *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 19, 215 P.3d 933 (quotation simplified). "Questions of contract interpretation not requiring resort to extrinsic evidence are matters of law," which we review for correctness. *Zions First Nat'l Bank, NA v. National Am. Title Ins. Co.*, 749 P.2d 651, 653 (Utah 1988). "[W]hether the [district] court employed the proper standard of waiver" is also a matter of law reviewed for correctness. *Pledger v. Gillespie*, 1999 UT 54, ¶ 16, 982 P.2d 572.

¶11    K D A also challenges the district court's award of attorney fees to Pioneer. We review the district court's award of attorney fees for correctness. *See Jones v. Riche*, 2009 UT App 196, ¶ 1, 216 P.3d 357.

ANALYSIS

I. Waiver

¶12    K D A argues the district court erred in ruling that it waived the statutory right of redemption when it entered into the Agreement. We agree. A waiver of any statutorily guaranteed right must be "explicitly stated," so that the parties' intent is "clear and unmistakable." *See Larsen Beverage v. Labor Comm'n*, 2011 UT App 69, ¶ 11, 250 P.3d 82 (quotation simplified). In our view, this principle applies to potential waivers of the right of redemption, and the Agreement includes no such waiver.

¶13    "Settlement agreements are governed by the rules applied to general contract actions." *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 19, 215 P.3d 933. "The cardinal rule in contract

interpretation is to give effect to the intentions of the parties as they are expressed in the plain language of the [agreement] itself." *New York Ave. LLC v. Harrison*, 2016 UT App 240, ¶ 21, 391 P.3d 268 (quotation simplified). We examine "the entire [agreement] and all of its parts in relation to each other, giving an objective and reasonable construction to the [agreement] as a whole." *G.G.A., Inc. v. Leventis*, 773 P.2d 841, 845 (Utah Ct. App. 1989). Our goal is to interpret the agreement "so as to harmonize all of its terms and provisions, and all of its terms should be given effect if possible." *Id.*

¶14    Waiver is "the intentional relinquishment of a known right." *Souter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 942 (Utah 1993) (quotation simplified). For waiver to occur, "there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it." *Id.* (quotation simplified). The waiving party's conduct "must evince unequivocally an intent to waive, or must be inconsistent with any other intent." *Medley v. Medley*, 2004 UT App 179, ¶ 7, 93 P.3d 847 (quotation simplified).

¶15    Further, the right of redemption is a statutory right. *Pyper v. Bond*, 2011 UT 45, ¶ 14, 258 P.3d 575; *see also* Utah Code Ann. § 78B-6-906 (LexisNexis 2012); Utah R. Civ. P. 69C. To waive a statutory right, the waiver must be "clear and unmistakable." *Medley*, 2004 UT App 179, ¶ 10 (quotation simplified). This court "will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is explicitly stated." *Larsen Beverage*, 2011 UT App 69, ¶ 11 (quotation simplified).[2]

---

2. We note that close scrutiny on behalf of the district court is particularly appropriate in cases dealing with an alleged waiver of the right of redemption. As this court has noted, the right of

(continued…)

¶16 Here, the Agreement does not establish a "clear and unmistakable" waiver of the right of redemption. *See Medley*, 2004 UT App 179, ¶ 10 (quotation simplified). Under the relevant provision, K D A agreed that "Pioneer is entitled to foreclose upon" the Property, including "foreclosing out, terminating, and extinguishing" all of K D A's rights and interests, including K D A's trust deeds. Although this provision is very broad, it does not mention redemption, nor refer to the statutory provisions that provide the right to redeem. *See* Utah Code Ann. § 78B-6-906(1) (LexisNexis 2012) ("Sales of real estate under judgments of foreclosure of mortgages and liens are subject to redemption . . . ."); Utah R. Civ. P. 69C(b) ("Real property subject to redemption may be redeemed . . . by a creditor having a lien on the property junior to that on which the property was sold . . . .").

¶17 Pioneer argues that "the all-encompassing language in [that provision] leaves no doubt that K D A's right of redemption was terminated." But "such a restrictive reading of [that provision] is not supported by [this court's] prior decisions." *Larsen Beverage*, 2011 UT App 69, ¶ 10; *see also id.* ¶¶ 4, 11–12 (determining that an employer's stipulation to pay "all medical expenses" resulting from an employee's work-place

---

(…continued)
redemption is designed to "provide a check on bids that are well below market value." *Brockbank v. Brockbank*, 2001 UT App 251, ¶ 12, 32 P.3d 990. Allowing a debtor or a subordinate lien holder to contractually waive the right of redemption without expressing clear and unmistakable intent is inconsistent with that purpose. *See id.* To that end, K D A asks us to determine that waivers of the statutory right of redemption will never be enforced. But because we conclude the Agreement did not establish a "clear and unmistakable" waiver, we need not address that argument further.

accident did not waive the employer's statutory right to seek reimbursement because the stipulation in the contract provision "made no reference to the statutory right" (quotation simplified)); *Medley*, 2004 UT App 179, ¶¶ 4, 10 (determining that an agreement for payments "[in] lieu of and as satisfaction of any claim either party ha[d] to alimony" did not waive the statutory right to future alimony (quotation simplified)). Parties wishing to waive the right of redemption must make that waiver "clear and unmistakable" by explicitly stating their intention. *See Medley*, 2004 UT App 179, ¶ 10 (quotation simplified).

¶18   Here, the Agreement "contains neither a mention of the statute at issue nor even a reference to the general concept of [redemption]." *Larsen Beverage*, 2011 UT App 69, ¶ 11. Granted, K D A did not expressly reserve the right of redemption in the Agreement. But failure to reserve a statutorily protected right is not the equivalent of a waiver of that right. *See id.* (determining there was no waiver when the agreement was "entirely silent concerning" the statutory right at issue). We will not infer from the Agreement's general provisions that the parties intended to waive the right of redemption. *See id.*

¶19   Indeed, the broad language cited by the district court does not expressly waive any of K D A's rights. It acknowledges Pioneer's right to foreclose on the Property, and it recognizes that K D A's rights and interests will be "foreclosed out," "terminated," and "extinguished" upon that foreclosure. In Utah, the foreclosure process includes not only the sale of the relevant property but also the statutory time for redemption. *See* Utah R. Civ. P. 69C(d), (h) (establishing that "[t]he property may be redeemed within 180 days after the sale" and "[t]he purchaser or last redemptioner is entitled to conveyance upon the expiration of the time permitted for redemption"). And during the time for redemption, "a creditor having a lien on the property junior to that on which the property was sold" may

redeem the property by paying to the purchaser "the sale price plus six percent." *Id.* R. 69C(b), (e).

¶20    Considering the foreclosure process, it is fair to interpret the Agreement's broad language to express that K D A's rights in the Property would not "terminate" until expiration of the time for redemption. Thus, not only does the Agreement fail to explicitly state the parties' intent to waive the right of redemption, but its language is consistent with a contrary interpretation. For waiver to occur, "the party's actions or conduct must evince unequivocally an intent to waive, or must be inconsistent with any other intent." *Mont Trucking, Inc. v. Entrada Indus., Inc.*, 802 P.2d 779, 781 (Utah Ct. App. 1990) (quotation simplified). The Agreement does not meet that standard.

¶21    K D A asserts that the Agreement merely was intended to subordinate K D A's trust deeds, giving Pioneer's trust deeds first priority in the pending foreclosure. This interpretation is reasonable because it "harmoniz[es] all of [the Agreement's] terms and provisions" and gives "an objective and reasonable construction to the [Agreement] as a whole." *See G.G.A., Inc. v. Leventis*, 773 P.2d 841, 845 (Utah Ct. App. 1989). Interpreting the Agreement to subordinate K D A's interests in the Property gives effect to provisions that would be superfluous if the parties intended to waive the right of redemption. For example, the Agreement expressly recognizes the continued validity of K D A's trust deeds, specifying that Pioneer's trust deeds are "ahead of, superior to, and not subject to" K D A's trust deeds. And, "as part of [the Agreement]," the parties entered into a separate subordination agreement to reiterate Pioneer's priority over K D A in the "pending judicial foreclosure." If K D A intended to waive the right of redemption, it is difficult to understand why the parties also executed a subsequent formal subordination agreement. Instead, the Agreement suggests that K D A intended to maintain its rights as a subordinate lien

holder, including the right of redemption. *See* Utah R. Civ. P. 69C(b).

¶22   Further, the broad language of the Agreement that Pioneer claims "leaves no doubt that KDA's right of redemption was terminated" is consistent with the mere subordination of K D A's interests in the Property. As K D A notes in its brief, that language simply describes what happens to a subordinated lien holder upon foreclosure. That is, the first priority lien holder is entitled to "foreclose out" and "terminate" the second priority lien holder's rights in the relevant property. But those rights are not terminated until the foreclosure process is complete—that is, when the redemption period expires. *See* Utah Code Ann. § 78B-6-906(1) (LexisNexis 2012); Utah R. Civ. P. 69C(b), (d). Thus, an examination of the Agreement "as a whole," *see G.G.A., Inc.*, 773 P.2d at 845, supports our conclusion that K D A did not make a "clear and unmistakable" waiver of the right of redemption, *see Medley*, 2004 UT App 179, ¶ 10 (quotation simplified).

¶23   In sum, the Agreement does not show K D A's clear and unmistakable intent to waive its statutory right of redemption. *See id*. We therefore conclude the district court erred in ruling that K D A waived the right of redemption.

## II. Attorney Fees

¶24   K D A asks us to vacate the district court's award of attorney fees to Pioneer. "In Utah, attorney fees are awardable only if authorized by statute or by contract." *Jones v. Riche*, 2009 UT App 196, ¶ 1, 216 P.3d 357 (quotation simplified). "If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Id.* ¶ 2.

¶25   Here, the Agreement provides for an award of costs and reasonable attorney fees to the prevailing party in litigation

regarding enforcement of any of the Agreement's terms. After the district court ruling in favor of Pioneer, K D A stipulated to Pioneer's award of attorney fees as the prevailing party but reserved the right to challenge that award and seek its own attorney fees if successful on appeal. Because we reverse the district court's ruling and remand for further proceedings, we vacate the award of attorney fees to Pioneer as the prevailing party and instruct the district court on remand to determine whether K D A should be awarded attorney fees as the prevailing party.

CONCLUSION

¶26   The district court erred in ruling that K D A waived its statutory right of redemption under the terms of the Agreement. We therefore reverse and remand this case for further proceedings consistent with this opinion.

_____