**2021 UT App 50**

# THE UTAH COURT OF APPEALS

MONACO APARTMENT HOMES,
Appellant,
*v.*
PEDRO FIGUEROA,
Appellee.

HERITAGE GARDEN APARTMENTS,
Appellant,
*v.*
JADE N. CARRICK,
Appellee.

Opinion
No. 20200462-CA
Filed April 29, 2021

Third District Court, Salt Lake Department
The Honorable Laura Scott
Nos. 180908952 & 190904940

Kirk A. Cullimore and David R. Todd,
Attorneys for Appellants

Pedro Figueroa, Appellee Pro Se

Jade N. Carrick, Appellee Pro Se

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGE DIANA HAGEN and SENIOR JUDGE KATE APPLEBY
concurred.[1]

---

1. Senior Judge Kate Appleby sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

MORTENSEN, Judge:

¶1     Appellants—two landlords in this consolidated appeal—
filed eviction actions. In each case, the landlord reached a
settlement agreement with the respective tenant that resulted in
the execution of a stipulation and a confession of judgment.
When each tenant breached the stipulation, each respective
landlord filed the confession of judgment, sought its
enforcement, and requested attorney fees and damages for lost
rent. The district court reduced the amount of attorney fees the
parties had agreed to in the stipulations and denied the
additional rent requests. The landlords appealed, claiming that
the court had abused its discretion in reducing fees rather than
enforcing the parties' stipulations and that the court had
misapplied the law by requiring additional evidence of
mitigation to support future rent requests. We vacate the
judgments and remand for further proceedings.

BACKGROUND[2]

¶2     After entering into an apartment lease agreement, Tenant
failed to pay rent according to the lease terms. Upon this breach
and following the commencement of eviction proceedings, but
before the lease term expired, Landlord and Tenant entered into
a stipulated payment plan and confession of judgment
(Stipulation and Judgment). In the Stipulation and Judgment, to
prevent immediate eviction, Tenant expressly agreed to a
judgment comprising various fees and assessments, including
$920 in attorney fees, and additional attorney fees and other
penalties in the event of a breach. When Tenant breached the

---

2. These cases come before us as a consolidated appeal. As such,
the recited background and our ruling fully apply to each
individual case. Thus, we refer to the parties in singular form
calling Appellants "Landlord" and Appellees "Tenant."

Stipulation and Judgment's terms by failing to make the agreed upon payments, Landlord filed the Stipulation and Judgment, sought to enforce the settlement, and accordingly requested attorney fees and future rent.

¶3     Landlord moved for attorney fees under Utah Rule of Civil Procedure 73 based on Utah Code section 78B-6-811(5) and the Stipulation and Judgment. In the motion, Landlord explained that the fees were reasonable based on time spent, market rates, and the attorney's expertise in the field. Landlord also clarified that, because of the attorney's expertise in the field, the fees requested did not "include any superfluous time for researching statutes[,] case law, procedure or process." The motion also included an affidavit detailing the work provided, the time spent on that work, and the position and hourly rate of the person performing the work.

¶4     In requesting future rent as part of a proposed order, Landlord submitted a supporting affidavit. The affidavit detailed Landlord's efforts to mitigate damages—including that Landlord had "prepared the unit to re-rent," put the "unit in its pool of available rentals," and "advertised all rentals available to rent, including [the apartment at issue], through various media."

¶5     The district court reduced the entire request for attorney fees to $350, notwithstanding the $920 agreed to in the Stipulation and Judgment. Further, the court declined to award future rent. Its entire ruling stated,

> The court declines to award [Landlord] the
> $942.50[3] fee requested because [Landlord]'s form

---

3. Despite reviewing the record, we have been unable to determine an understandable reason for the $22.50 difference between the $920.00 agreed to in the Stipulation and Judgment and the $942.50 actually requested on motion.

affidavit does not comply with Rule 73. In the absence of an individualized showing of reasonableness, the court is left with two options: decline to award fees or award fees pursuant to the schedule. The court exercises the latter option in this case and awards $350.

The court also declines to award future rent because [Landlord]'s signing of The Law Offices of Kirk A. Cullimore L.L.C.'s form mitigation affidavit is not sufficient to establish that this [Landlord] mitigated its damages in this case.

Landlord appeals.

## ISSUES AND STANDARDS OF REVIEW

¶6 Landlord contends that the district court abused its discretion in failing to enforce the Stipulation and Judgment, and as part of this contention, argues that the court also abused its discretion in reducing attorney fees via rule 73's fee schedule without explaining the reduction's justification. "[E]nforcement of a settlement agreement is reviewed for abuse of discretion." *McKelvey v. Hamilton*, 2009 UT App 126, ¶ 17, 211 P.3d 390. And a district court "has broad discretion in determining what constitutes a reasonable fee, and we will consider that determination against an abuse-of-discretion standard." *Jensen v. Sawyers*, 2005 UT 81, ¶ 127, 130 P.3d 325 (cleaned up). Although an abuse of discretion review is deferential, "[a]n award of attorneys fees must generally be made on the basis of findings of fact supported by the evidence and appropriate conclusions of law," *Cabrera v. Cottrell*, 694 P.2d 622, 624 (Utah 1985), and "[a]n award based on insufficient factual findings is an abuse of discretion and requires remand," *Dahl v. Dahl*, 2015 UT 79, ¶ 168, 459 P.3d 276; *accord Dixie State Bank v. Bracken*, 764 P.2d 985, 988–89 (Utah 1988). Specifically, "where the inadequacy of the trial

court's findings of fact and conclusions of law results in our inability to ascertain the basis of the trial court's decision, [we are] prevented from effectively reviewing the trial court's decision and may remand for the entry of more-detailed findings." *Interstate Income Props., Inc. v. La Jolla Loans, Inc.*, 2011 UT App 188, ¶ 12, 257 P.3d 1073.

¶7      Landlord further contends that the district court incorrectly applied the law with respect to future rent, arguing that Landlord fulfilled the obligation to mitigate future damages, and, regardless, the court inappropriately raised the issue of mitigation sua sponte. "We review application of law for correctness." *AWINC Corp. v. Simonsen*, 2005 UT App 168, ¶ 8, 112 P.3d 1228.

ANALYSIS

I. Attorney Fees Request

¶8      Landlord contends that the district court abused its discretion in reducing attorney fees because, by entering into the Stipulation and Judgment, Tenant had already contracted to pay the attorney fees requested. Additionally, Landlord contends that in reducing the award of attorney fees, the court failed to make factual findings necessary to support its determination.

¶9      As outlined above, Tenant had already stipulated to a payment schedule and confessed judgment in the case, but the district court did not acknowledge the Stipulation and Judgment. However, "a settlement between parties to a lawsuit is a contract like any other contract, which may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce as it does other contracts." *Impink ex rel. Baldi v. Reynes*, 935 A.2d 808, 812 (N.J. Super. Ct. App. Div. 2007) (cleaned up); *see also Mascaro v. Davis*, 741 P.2d 938, 942 (Utah 1987) (clarifying that a settlement

agreement is "a valid enforceable contract" (cleaned up)); *McKelvey v. Hamilton*, 2009 UT App 126, ¶ 17, 211 P.3d 390 (characterizing the question of whether the parties had entered into a settlement agreement as an inquiry about the "existence of a contract" that was enforceable). Accordingly, "basic contract principles affect the determination of when a settlement agreement should be so enforced." *Mascaro*, 741 P.2d at 942; *see also LD III, LLC v. BBRD, LC*, 2009 UT App 301, ¶ 14, 221 P.3d 867 ("Settlement agreements are governed by the rules applied to general contract actions." (cleaned up)).

¶10 Parties "are entitled to contract on their own terms without the intervention of the courts to relieve either party from the effects of a bad bargain. [The] court will not rewrite a contract to supply terms which the parties omitted." *Hal Taylor Assocs. v. Unionamerica, Inc.*, 657 P.2d 743, 749 (Utah 1982) (cleaned up). Further, the "court cannot rewrite the contract because [a party] failed to include language to protect [its] rights." *Palmer v. Davis*, 808 P.2d 128, 132 (Utah Ct. App. 1991). Instead, when faced with an enforceable agreement, the court is "not presented with a choice between alternative remedies . . . [and] is [not] empowered to rewrite the settlement agreed upon by the parties." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 630 (9th Cir. 1982). Put simply, "the settlement must stand or fall as a whole," and the court "may not delete, modify, or substitute certain provisions." *Id.*

¶11 And quite specific to this case, "[i]f the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Jones v. Riche*, 2009 UT App 196, ¶ 2, 216 P.3d 357. In *Jones*, the parties' contract required that the defaulting party pay attorney fees, but instead of looking to the contract and simply awarding fees to the non-defaulting party, the district court looked to statute and case law "interpreting the terms 'successful party' or 'prevailing

party'" and awarded fees to the defaulting party. *Id.* ¶¶ 3–4. But, as we noted in that case,

> Attorney fee provisions should ordinarily be honored by the courts and attorney fees awarded in accordance with the terms of the parties' agreement, and . . . when the legal right to attorney fees is contractual, the court does not possess the same equitable discretion to deny attorney fees that it has when fashioning equitable remedies, or applying a statute which allows the discretionary award of such fees.

*Id.* ¶ 2 (cleaned up). Accordingly, we held that the district court's approach "was not warranted because this approach contradicted the clear contractual language that created the right to attorney fees in [the] case." *Id.* ¶ 4; *see also Softsolutions, Inc. v. Brigham Young Univ.*, 2000 UT 46, ¶ 41, 1 P.3d 1095 ("If a contract provides for attorney fees, the award is allowed only in accordance with the terms of the contract." (cleaned up)); *Cobabe v. Crawford*, 780 P.2d 834, 836 (Utah Ct. App. 1989) (rejecting the idea that in the face of an enforceable and unambiguous contract, the district court can nevertheless "exercise its discretion to make no award of fees").

¶12 Here, the Stipulation and Judgment not only required payment of certain attorney fees but also provided for additional attorney fees in the event of a breach. Additionally, the Stipulation and Judgment allowed for more attorney fees than Landlord requested when seeking its enforcement. And as noted, in determining fees the district court did not acknowledge nor explain why the Stipulation and Judgment did not bind its decision. Absent some explanation of which contract law principles rendered the Stipulation and Judgment unenforceable, the district court cannot have exercised proper discretion in failing to enforce the parties' Stipulation and Judgment.

> As a result, we are unable to engage in an effective review of the issues raised by this appeal without further explanation from the [district] court. Where our appellate function cannot be performed due to the inadequacy of the [district] court's decision, we may remand for the entry of additional findings of fact and conclusions of law explaining the legal basis of its decision and showing that the evidence supports that conclusion.

*Interstate Income Props., Inc. v. La Jolla Loans, Inc.*, 2011 UT App 188, ¶ 16, 257 P.3d 1073.

¶13    Therefore, we remand for the court to award the full request for attorney fees in line with the Stipulation and Judgment, "unless the court identifies a proper legal basis for" refusing to enforce the Stipulation and Judgment. *See Martindale v. Adams*, 777 P.2d 514, 518 (Utah Ct. App. 1989); *see also Veracity Networks LLC v. MCG S. LLC*, 2019 UT App 53, ¶¶ 34–37, 440 P.3d 906.

## II. Future Rent Request

¶14    Landlord also contends that the district court misapplied the law in refusing to award future rent, arguing that the court demanded more mitigation efforts than the law requires and that Landlord's mitigation efforts complied with the law's requirements.

¶15    The seminal Utah case governing future rent awards is *Reid v. Mutual of Omaha Insurance Co.*, 776 P.2d 896 (Utah 1989). In *Reid*, our supreme court held that "a landlord who seeks to hold a breaching tenant liable for unpaid rents has an obligation to take commercially reasonable steps to mitigate its losses, which ordinarily means that the landlord must seek to relet the premises." *Id.* at 906. It is true that mitigation is *generally* an affirmative defense, which only a defendant can raise. But in

*Reid*, the court explained "the affirmative nature of the mitigation obligation" in the landlord/tenant context, providing that a landlord seeking future rent actually bears an "affirmative . . . mitigation obligation" and must "carry its proof-of-mitigation burden" by "tak[ing] positive steps reasonably calculated to effect a reletting of the premises." *Id.* The court went on to explain that "the standard by which a landlord's efforts to mitigate are to be measured" is "objective commercial reasonableness," which requires a landlord "to take such steps as would be expected of a reasonable landlord letting out a similar property in the same market conditions." *Id.* at 906–07. Whether a landlord has pursued mitigation efforts with objective commercial reasonableness "is a fact question that depends heavily on the particularities of the property and the relevant market at the pertinent point in time." *Id.* at 907; *see also Tech Center 2000, LLC v. Zrii, LLC*, 2015 UT App 281, ¶ 22, 363 P.3d 566.

¶16 Here, Landlord first provided the district court an affidavit indicating awareness of the affirmative duty to mitigate. Landlord also documented mitigation efforts, including "prepar[ing] the unit to re-rent"; putting the "unit in its pool of available rentals"; and "advertis[ing] all rentals available to rent, including [the apartment at issue], through various media." In response, the court stated that Landlord's "form mitigation affidavit [was] not sufficient to establish that [Landlord] mitigated its damages in this case." The court provided no explanation as to how it found Landlord's mitigation efforts wanting, and although we can speculate as to why the court found at least one of the affidavits insufficient, without more explanation from the court, we cannot affirm based on bare supposition.

¶17 Thus, without deciding whether the district court misapplied the relevant law, we remand "for the entry of additional findings of fact and conclusions of law explaining the

legal basis of its decision and showing that the evidence supports that conclusion." *Interstate Income Props., Inc. v. La Jolla Loans, Inc.*, 2011 UT App 188, ¶ 16, 257 P.3d 1073.

CONCLUSION

¶18     On the record before us, the district court either failed to award attorney fees in line with the Stipulation and Judgment or failed to sufficiently explain a proper legal basis for refusing to enforce that settlement agreement. Therefore, we remand with instructions to award attorney fees according to the Stipulation and Judgment unless the court articulates a valid legal basis for rendering the contract unenforceable. Further, because the district court did not explain the basis of its future rent decision, we cannot effectively review the issues presented. We therefore remand for the court to enter additional findings of fact and conclusions of law explaining the factual and legal basis of that decision.

¶19     Vacated and remanded.

_____